**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SERGIO ALVA; LUZ ALVA; SILVIO
ALVA,

        Plaintiff - Appellant,

v.

TEEN HELP, a partnership;
WORLDWIDE ASSOCIATION OF
SPECIALTY PROGRAMS, a
corporation; RESOURCE
REALIZATIONS, a corporation; R&B
BILLING, a corporation; DIXIE
CONTRACT SERVICES, a
corporation; TEEN ESCORT
SERVICES, a corporation; KEN KAY;
ROBERT B. LICHFIELD; KARR
FARNSWORTH; BRENT M. FACER,

        Defendants - Appellees.

No. 04-4012

---

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 00-CV-169-TC)**

---

Submitted on the briefs:

Thomas M. Burton, Pleasanton, California, for Plaintiffs-Appellants.

Fred R. Silvester and Spencer C. Siebers of Silvester & Conroy, L.C., for
Defendants-Appellees.

Before **MURPHY, SEYMOUR** and **O'BRIEN**, Circuit Judges.

**O'BRIEN**, Circuit Judge.

Plaintiffs Sergio Alva and his parents, Luz and Silvio Alva, appeal from the district court's grant of summary judgment to Defendants Teen Help, World Wide Association of Speciality Programs, R&B Billing, Dixie Contract Services, Robert Lichfield, Karr Farnsworth and Brent Facer (Defendants).[1] Because Plaintiffs' notice of appeal is untimely, we dismiss this appeal for lack of jurisdiction.

On February 25, 2000, Plaintiffs initiated suit in the United States District Court for the District of Utah against Defendants alleging various tort claims arising from Luz and Silvio's enrollment of Sergio at Paradise Cove, a behavioral modification program for troubled teenagers located in Western Samoa.[2] On August 5, 2003, Defendants filed a motion for summary judgment. On December

---

[1] In their Amended Complaint, Plaintiffs also named Resource Realizations as a defendant. However, Resource Realizations does not appear as a party on the docket sheet and has never appeared in this case. They also named Teen Escort Services as a defendant but it was never served. Moreover, Ken Kay was named as a defendant. However, Kay had been previously dismissed with prejudice.

[2] Sergio was enrolled at Paradise Cove from April 1996 to August 1997. In 1997, Western Samoa dropped the "Western" from its name and is now referred to solely as Samoa. *See* Central Intelligence Agency's World Factbook, http://www.odci.gov/cia/publications/factbook/index.html.

16, 2003, the district court heard argument on the motion. At the conclusion of the hearing, the court orally granted Defendants' motion. The next day, on December 17, 2003, the court issued a written order granting the motion. It was filed that day along with a separate judgment.[3] Plaintiffs did not file their notice of appeal until January 17, 2004.

Defendants did not contest the timeliness of Plaintiffs' notice of appeal. Nevertheless, because it appeared to be untimely, we required Plaintiffs to show cause why this appeal should not be dismissed for lack of jurisdiction and also permitted Defendants to file a brief. We specifically directed the parties to discuss *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403 (2005), and *Kontrick v. Ryan*, 540 U.S. 443 (2004), two recent Supreme Court cases suggesting time prescription rules are sometimes mistakenly regarded as jurisdictional. After reviewing Plaintiffs' response to the order to show cause and Defendants' brief, we conclude the requirement for a timely notice of appeal in a civil case is not a "claim-processing rule" subject to forfeiture under either *Eberhart* or *Kontrick* but a jurisdictional prerequisite to our review.[4]

_____

[3] In their opening brief, Plaintiffs state the district court "filed its judgment against Plaintiffs on December 3, 2003, before the December 16 hearing even though it was not docketed until December 17, 2003, the day after the hearing . . . ." (Appellants' Opening Br. at 8.) Plaintiffs are mistaken. The judgment was filed and docketed on December 17, 2003.

[4] In a summary and conclusory fashion Plaintiffs' response does not discuss *Kontrick* and merely contains an extended quote from *Eberhart*. It was neither

I.  Discussion

A.  Timeliness

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4."  FED. R. APP. P. 3(a)(1).  Both 28 U.S.C. § 2107(a) and Rule 4(a) of the Federal Rules of Appellate Procedure require a notice of appeal in a civil case to be filed with the district clerk within thirty days after the judgment or order appealed from is entered.[5]  A judgment is deemed entered when the judgment is set forth on a separate document, *see* FED. R. CIV. P. 58(a), and entered in the civil docket.  FED. R. APP. P. 4(a)(7)(A)(ii).

Here, the judgment, which was set forth on a separate document, was entered in the civil docket on Wednesday, December 17, 2003.  Pursuant to Rule 26(a) of the Federal Rules of Civil Appellate Procedure, Plaintiffs had until

thoughtful nor helpful.  The thrust of Plaintiffs' response and accompanying affidavit of counsel is that their tardy filing is de minimis and should thus be ignored.  Six minutes seems trivial and unlikely to cause prejudice, but if six minutes can be excused, why not six hours or six days?  As we discuss, there is a safety valve, but it lies with the district court and requires a timely application, which never materialized in this case.  Ignoring established purposes and methods for extensions of time, Plaintiffs argue for different or additional relief.  They are out of luck.  Like statutes of limitation, statutes of repose, and other such time bars, rights may be irretrievably lost due to delay.

[5] There are exceptions to this rule when the United States or its officer or agency is a party, when the party appealing timely files certain post-judgment motions, and when the party appealing is an inmate confined in an institution.  FED. R. APP. P. 4(a)(1)(B), (a)(4), (c).  None of these exceptions apply here.

Friday, January 16, 2004, to file their notice of appeal. Although the notice of appeal was dated January 16, 2004, it was not filed until 12:06 A.M. on January 17, 2004.[6] Thus, it is untimely.[7]

---

[6] Apparently, Plaintiffs filed the notice of appeal using the district court's twenty-four hour drop box. The court's website provides the following guidelines for filing pleadings via the drop box:

**Twenty-four hour Drop Box**

• The drop box can be used throughout the day and also when the court is closed.
• The box is emptied first thing in the morning and right before closing.
• Stamp the original pleading in the first slot of the box, attach the judge's courtesy copy or copies, and place them in the lower slot.
• You can stamp an additional copy to keep as your conformed copy.
• To ensure that your original and copies do not become separated, you can place them in an envelope after you have stamped the original.
• If you have forgotten to time stamp your document, the document will be stamped in the next day, when the clerk's office empties the box.
• Documents that are extraordinarily thick will not fit in the slot in the box. If you anticipate filing a large document after hours, call the clerk's office during business hours so that a special arrangement can be made.

*See* http://www.utd.uscourts.gov/documents/filepage.html.

[7] The late filing is consistent with Plaintiffs' cavalier approach to litigation. On November 25, 2002, the district court issued a scheduling order setting July 15, 2003, as the factual discovery deadline. Plaintiffs did not conduct any discovery. When Defendants filed their motion for summary judgment on August 5, 2003, Plaintiffs sought a motion to stay the hearing on Defendants' motion until after they deposed the individual defendants and to compel the individual defendants to appear for their noticed depositions. (Although Plaintiffs had noticed the individual defendants' depositions for August 20 and 21, 2003, Defendants informed Plaintiffs they would not appear without a court order because the depositions were scheduled after the discovery deadline.) The district court denied the motion to stay and to compel, finding Plaintiffs had been dilatory:

Nothing in Plaintiffs' response to the order to show cause convinces us to the contrary. In it, their attorney states he was aware January 16 was the last day to file a notice of appeal and that he personally filed the appeal on January 16 just before midnight but that when he withdrew the document from the time-stamp slot, it indicated it was filed at 12:06 A.M. He does "not understand why it was stamped 12:06 or know whether the stamp clock was precisely calibrated on that day . . . . At the time, [he] regarded the stamped date as inaccurate and de minimis, and so proceeded with the appeal." (Appellants' Response to Order to Show Cause, Burton Declaration at 2.) He noted on the docketing statement that "[he] had filed the Notice of Appeal on time, but that the stamp date was January 17." (*Id.*) No further explanation was offered. In any event, he claims he made every effort to meet the deadline and emphasizes no one, except this Court, has ever objected to the late filing. Had someone objected, he states he would have moved for an extension of time under Rule 4(a)(5) on the grounds of excusable neglect. In summary, he claims "[i]t would be inequitable, after more than two

> [Plaintiffs'] eleventh hour effort to depose the individual Defendants was the <u>sole</u> discovery effort made by Plaintiffs since they brought this action in February 2000. Indeed, Plaintiffs have not propounded a single interrogatory, request for admission or request for production. They have not issued a single subpoena or taken a single deposition.

(R. Doc. 55 at 3 (quotations omitted).)

years of waiting for a decision, and after all of [Plaintiffs'] briefing and additional submissions . . ., to dismiss this case for lack of jurisdiction over a barely tardy appeal, an issue that, if not apparent on the face of the Notice itself, was plainly and forthrightly raised by the Docketing Statement and Case Summary within 60 days of the appeal[] being filed." (*Id.* at 3-4.)

By his own admission, counsel knew the appeal was six minutes late according to the court's file stamp. That file stamp, not counsel's watch or memory, controls. Knowing the notice of appeal was late according to court records, counsel could have and should have filed a motion for extension of time with the district court. *See* 28 U.S.C. § 2107(c); FED. R. APP. P. 4(a)(5). Most probably such a request would have been granted if timely made.

Plaintiffs' Docketing Statement (required by 10th Cir. R. 15) cannot serve as a substitute for the strict requirements of the rules. The Docketing Statement states: "Notice of Appeal stamped January 17, 2004, but deposited in after hours box on Friday, January 16, 2004." (Docketing Statement at 1.) Again, the file stamp controls. Moreover, the Docketing Statement cannot be construed as a request for an extension of time. Even assuming it could be so construed, such request would have to be directed to the district court. In any event an extension was never granted. More importantly, the Docketing Statement was not filed until March 1, 2004, well beyond the time limit for requesting an extension of time

from the district court. *See* FED. R. APP. 4(a)(5)(A)(i), (ii) (a district court may extend the time to file a notice of appeal if a party moves for such extension no later than thirty days after the time for filing a notice of appeal expires and the party shows excusable neglect or good cause).

To the extent Plaintiffs are asking this Court to find excusable neglect and extend the time for filing their notice of appeal, we have no authority to do so. *See* FED. R. APP. P. 26(b). Only the district court may do so and only under limited circumstances and for a limited time. 28 U.S.C. § 2107(c); FED. R. APP. P. 4(a)(5). Because that time has passed without a request from Plaintiffs or action by the court, the bar fell, fatally.

As we explain, a timely notice of appeal in a civil case is jurisdictional, not merely compliance with a "claim processing rule" subject to forfeiture for failure to object. Therefore counsel's failure to timely act cannot be excused for want of an objection from opposing counsel. Nor can counsel's failure be excused based upon a good faith reliance on *Eberhart* or *Kontrick*. *Eberhart* was decided in 2005 and *Kontrick* was decided only days before counsel filed the notice of appeal.

B. Jurisdiction

The subject-matter jurisdiction of lower federal courts is within the plenary control of Congress. U.S. CONST., art. III, §1. In 28 U.S.C. § 1291, Congress

provided:

> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

Congress also gave us jurisdiction over certain interlocutory appeals. *See* 28 U.S.C. § 1292. Additionally, Congress set a time limit on the filing of an appeal. In civil actions, "no appeal shall bring any judgment, order or decree . . . before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a).[8] Rule 4(a)

---

[8] 28 U.S.C. § 2107 states in full:

**Time for appeal to court of appeals**

**(a)** Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

**(b)** In any such action, suit or proceeding in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry.

**(c)** The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds--

> (1) that a party entitled to notice of the entry of a judgment

implements the statute.

For nearly sixty years we have treated the timely filing of a notice of appeal in both criminal and civil actions as mandatory and jurisdictional. *See, e.g., United States v. Torres*, 372 F.3d 1159, 1161 (10th Cir. 2004); *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1220 (10th Cir. 2003); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 949 (10th Cir. 1995); *Swihart v. United States*, 169 F.2d 808, 808 (10th Cir. 1948) (then FED. R. CRIM. P. 37); *Jensen v. United States*, 160 F.2d 104, 104 (10th Cir. 1947) (same). Thus, a party's failure to timely file a notice of appeal would result in dismissal of the appeal for lack of jurisdiction. *See, e.g., Torres*, 372 F.3d at 1164; *Swihart*, 169 F.2d at 808. The Supreme Court seemed to agree in *United States v. Robinson*, 361 U.S. 220, 224 (1960), and subsequent cases. *See, e.g., Hohn v. United States*, 524 U.S. 236, 247 (1998); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988); *Browder v. Director, Dep't of*

---

or order did not receive such notice from the clerk or any party within 21 days of its entry, and

(2) that no party would be prejudiced,

the district court may, upon motion filed within 180 days after entry of the judgment or order or within 7 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

**(d)** This section shall not apply to bankruptcy matters or other proceedings under Title 11.

*Corrs. of Ill.*, 434 U.S. 257, 264 (1978).

However, two recent Supreme Court cases appear (at least at first blush) to call into doubt this long line of precedent.[9] The first case, *Kontrick*, involved Rules 4004(a), (b) and 9006(b)(3) of the Federal Rules of Bankruptcy.[10] There, Kontrick filed a Chapter 7 bankruptcy petition. In an untimely amended complaint, the creditor objected to the discharge, alleging with particularity Kontrick had fraudulently transferred money to his wife, first by removing Kontrick's name from the family's once-joint checking account and then by continuing to deposit his salary checks in the account, from which his wife routinely paid family expenses (the family account claim). Throughout the litigation, Kontrick defended the family account claim on the merits. The bankruptcy court eventually granted the creditor summary judgment on the family account claim and denied discharge. In his motion for reconsideration, Kontrick

---

[9] We have yet to decide this issue. *See Carpenter v. Boeing Co.*, 456 F.3d 1183, 1190 n.1 (10th Cir. 2006) (noting *Eberhart* "casts doubt on the notion that the timeliness of notices of appeal generally is jurisdictional" but not deciding the issue); *In re Special Grand Jury 89-2*, 450 F.3d 1159, 1166 n.2 (10th Cir. 2006) ("Because we conclude that Appellants' notices of appeal were timely, we do not need to resolve today whether timeliness of a notice of appeal is jurisdictional.").

[10] Rule 4004(a) requires a party opposing a debtor's discharge to file a complaint no later than sixty days after the first date set for the meeting of the creditors. Rule 4004(b) allows the court to extend this time period for cause if the motion to extend is filed before the sixty days has expired. Rule 9006(b)(3) allows enlargement of the time for filing a complaint under Rule 4004(a) "only to the extent and under the conditions stated in [that rule]."

argued for the first time that the court lacked jurisdiction over the family account claim because the complaint raising it was untimely under Rules 4004(a), (b) and 9006(b)(3). The court denied the motion, holding these rules were not jurisdictional and Kontrick had waived the right to assert the timeliness of the amended complaint by failing to raise it prior to the court reaching the merits.

The Supreme Court agreed. It concluded Rules 4004(a),(b) and 9006(b)(3) were not jurisdictional but rather "claim processing rules" which can be forfeited if the party asserting them waits too long to raise them. *Kontrick*, 540 U.S. at 447, 454. In doing so, it explained:

> Courts, including this Court, it is true, have been less than meticulous in this regard; they have more than occasionally used the term "jurisdictional" to describe emphatic time prescriptions in rules of court. . . . [C]lassify[ing] time prescriptions, even rigid ones, under the heading "subject matter jurisdiction" can be confounding. Clarity would be facilitated if courts and litigants used the label "jurisdictional" not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.

*Id.* at 454-55 (citations and quotations omitted).

The next case, *Eberhart*, addressed Rules 33 and 45(b)(2) of the Federal Rules of Criminal Procedure.[11] There, Eberhart was convicted after a jury trial of

---

[11] At the time *Eberhart* was decided, Rule 33(b) required a motion for new trial based on any ground other than newly discovered evidence to be filed within seven days of the verdict or finding of guilty or within some other time set by the court in an order issued during that same seven-day period. Rule 45(b)(2) provided this time period could not be extended except as stated in Rule 33. Both

conspiring to distribute cocaine. On the last day available for the filing of post-trial motions, he filed a motion for judgment of acquittal or, in the alternative, for a new trial alleging one ground. Almost six months later, Eberhart filed a supplemental memorandum supporting his motion, raising two new grounds. The government opposed the motion on the merits. The district court granted a new trial, citing all three grounds raised by Eberhart. The government appealed, arguing for the first time that the supplemental memorandum was untimely under Rule 33 and therefore the district court erred in considering the additional arguments raised therein. The Seventh Circuit reversed. While it recognized that Rules 33 and 45(b) were probably claim-processing rules subject to forfeiture if not timely asserted under *Kontrick*, it felt bound by Supreme Court precedent holding they were "mandatory and jurisdictional." Because the supplemental memorandum had been filed outside Rule 33's seven-day time period, the Seventh Circuit determined the district court had lacked jurisdiction to grant a new trial. The Supreme Court disagreed. It concluded Rules 33 and 45(b), like bankruptcy rules 4004 and 9006(b)(3), are not jurisdictional but merely inflexible "claim processing rules" that will assure relief to a party who properly raises them but not to one who forfeits them. *Eberhart*, 126 S.Ct. at 405, 407.

---

rules have since been amended. Rule 33(b) removed the requirement that the court must act within seven days if it sets another time for filing a motion for new trial and a conforming amendment was made to Rule 45. In addition, while the defendant must still file a motion for new trial within seven days, a motion for extension of time is permitted under Rule 45 and the court may consider an untimely motion if it determines the defendant's delay was due to excusable neglect.

Neither *Eberhart* nor *Kontrick* affects the jurisdictional nature of the timely filing of an civil appeal.[12] *Kontrick* involved bankruptcy rules 4004 and 9006; *Eberhart* involved criminal procedural rules 33 and 45. None of these rules derive expressly from a statute. Rule 4(a), on the other hand, implements 28 U.S.C. § 2107. And that statute is specifically mentioned in *Kontrick* as an example of a jurisdictional provision containing a "built-in time constraint[]." 540 U.S. at 453 n.8. This is consistent with *Barnhart v. Peabody*, in which the Supreme Court explained "that some time limits are jurisdictional even though expressed in a separate statutory section from jurisdictional grants." 537 U.S. 149, 159 n.6 (2003). The Court specifically cited 28 U.S.C. §§ 1291 and 2107 as an example.[13] *Id.*

---

[12] The Sixth Circuit has reached the same conclusion with regard to Rule 4(a)(6) of the Federal Rules of Appellate Procedure. *See Bowles v. Russell*, 432 F.3d 668, 671 n.1 (6th Cir. 2005).

[13] There is no statute equivalent to § 2107 for criminal appeals. The time limit for filing a criminal appeal is, and has always been, set by rule. In 1933, Congress gave the Supreme Court authority to promulgate rules regulating the time and manner for taking appeals in criminal cases. *Robinson*, 361 U.S. at 226. Pursuant to that authority, the Supreme Court promulgated thirteen rules; Rule III provided a five-day time limit for the taking of an appeal in a criminal case. *Id.* Courts uniformly held this rule was "mandatory and jurisdictional" and untimely appeals were dismissed regardless of excuse. *Id.* at 226-27. This rule was later moved to Rule 37 of the Federal Rules of Criminal Procedure and then to Rule 4(b) of the Federal Rules of Appellate Procedure. Under the current rule, a defendant has ten days to file a notice of appeal and the government has thirty days (if it is entitled to file an appeal). *See* FED. R. APP. P. 4(b)(1).

We do not believe the absence of a statute affects the jurisdictional nature

*Eberhart* does not change *Kontrick* or *Barnhart* in that regard. While

*Eberhart* seems, superficially, to suggest in its discussion of *United States v.*

*Robinson*, 361 U.S. 220 (1960), that the timely filing of a notice of appeal is not

jurisdictional, a close reading of *Eberhart*, in conjunction with *Robinson*, reveals

it did nothing of the sort.

In *Robinson*, the defendants filed their notices of appeal eleven days late.

The government moved to dismiss the untimely appeals for lack of jurisdiction

pursuant to criminal rule 37(a)(2).[14] The defendants responded to the motion

alleging the late filings were due to a misunderstanding as to whether the notices

were to be filed by them or their counsel. The appellate court ruled the notices of

appeal, although untimely, were sufficient to confer jurisdiction on it if the

district court had found under criminal rule 45(b) that the failure to file the

appeals within the ten day time limit was the result of excusable neglect.[15]

---

of a timely notice of appeal in a criminal case. As we conclude, *Robinson* and the
jurisdictional nature of the timely filing of a notice of appeal, whether civil or
criminal, were not overruled by *Eberhart* or *Kontrick*. Moreover, the rule
establishing the time limit for filing a criminal appeal was authorized by
Congress. Nevertheless, the issue is not before us and we do not resolve it.

[14] Rule 37(a)(2) is now codified at Rule 4(b) of the Federal Rules of
Appellate Procedure. See supra n.13.

[15] At that time, Rule 45(b) provided:

Enlargement. When an act is required or allowed to be done at or within
a specified time, the court for cause shown may at any time in its
discretion (1) with or without motion or notice, order the period

Because it was unable to determine from the record whether the district court had so found, the appellate court remanded to the district court for such determination. On remand, the district court found excusable neglect. Thus, the appellate court denied the government's motion to dismiss.

Before the Supreme Court, "the single question presented [was] whether the filing of a notice of appeal in a criminal case after expiration of the time prescribed in Rule 37(a)(2) confers jurisdiction of the appeal upon the Court of Appeals if the District Court, proceeding under Rule 45(b), has found that the late filing of the notice of appeal was the result of excusable neglect." *Robinson*, 361 U.S. at 222. The Court determined resolution of the issue depended upon the proper interpretation of Rule 45(b). *Id.* at 222-23. The appellate court had read Rule 45(b) to allow the district court discretion to permit a late appeal if the untimeliness was due to excusable neglect. In its view, such discretion was not an "enlargement" of the time for taking an appeal but rather "would be only to 'permit the act to be done' after expiration of the specified period." *Id.* at 223.

enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion permit the act to be done after the expiration of the specified period if the failure to act was the result of excusable neglect; but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal.

*Robinson*, 361 U.S. at 223.

-16-

The Supreme Court rejected this interpretation, concluding it was in direct conflict with Rule 45(b)'s plain language, which prohibited a district court from enlarging the period for taking an appeal, even upon a finding of excusable neglect, and nothing in Rule 45(b)'s history supported such interpretation. *Id.* at 226, 229.

Relevant to our analysis here, in its discussion, the Supreme Court noted "[t]he courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional." *Id.* at 229. It also stated:

> It is quite significant that Rule 45(b) not only prohibits the court from enlarging the period for taking an appeal, but, by the same language in the same sentence, also prohibits enlargement of the period for taking any action under Rules 33, 34 and 35, except as provided in those Rules. That language is: "* * * but the court may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal." If, as the Court of Appeals has held, the delayed filing of a notice of appeal-- found to have resulted from "excusable neglect"--is sufficient to confer jurisdiction of the appeal, it would consistently follow that a District Court may, upon a like finding, permit delayed filing of a motion for new trial under Rule 33, of a motion in arrest of judgment under Rule 34, and the reduction of sentence under Rule 35, at any time-months or even years-after expiration of the periods specifically prescribed in those Rules.
>
> This is not only contrary to the language of those Rules, but also contrary to the decisions of this Court.

*Id.* at 224-25 (footnotes omitted).

Relying on *Robinson*, the Seventh Circuit in *Eberhart* concluded Rules 33 and 45(b), like the timely filing of a notice of appeal, were mandatory and

-17-

jurisdictional. *Eberhart*, 126 S.Ct. at 404. The Supreme Court rejected the Seventh Circuit's reliance on *Robinson*, concluding it did not address the subject-matter jurisdiction of the district court. *Id.* at 405-06. It found *Robinson's* holding was "narrow and unremarkable": "district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked." *Id.* at 406. It then observed that *Robinson* and subsequent cases holding that the timely filing of a notice of appeal is mandatory and jurisdictional have "created some confusion." In making this statement, the Court was not questioning the holding of these cases. It was merely noting the confusion these cases have had on non-jurisdictional time prescription rules, *i.e.*, causing courts, like the Seventh Circuit in *Eberhart*, to erroneously conclude other time prescription rules, apart from the timely filing of a notice of appeal, are also "mandatory and jurisdictional." In sum, *Eberhart* did not disturb the jurisdictional nature of 28 U.S.C. § 2107 or Rule 4(a); it merely clarified that the fact these time prescription rules are jurisdictional does not mandate that all time prescription rules are jurisdictional.

Even assuming, *arguendo,* that *Eberhart* can be read as calling into question the jurisdictional nature of 28 U.S.C. § 2107, as well as Rule 4(a), we decline to upset past precedent without an express ruling to that effect. *Agostini v. Felton*, 521 U.S. 203, 237 (1997) ("[W]e do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent. We reaffirm that if a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this

-18-

Court the prerogative of overruling its own decisions.") (quotations omitted); *see also Conover v. Aetna US Health Care, Inc.*, 320 F.3d 1076, 1079 n.2 (10th Cir. 2003) (applying *Agostini*), *cert. denied*, 542 U.S. 936 (2004). When a statute unambiguously constrains our jurisdiction, rules implementing that constraint have passed muster with Congress and sixty years of jurisprudence have cemented the jurisdictional nature of a timely notice of appeal in civil cases, it is not the place of a court of appeals to engage in a contrary flight of fancy. Excursions into that rarified air are the exclusive province of the United States Supreme Court.[16]

Notwithstanding the jurisdictional nature of the timely filing of an appeal, nothing in *Kontrick* or *Eberhart* upsets our ability to enforce our own rules.[17] In both cases, *a party* sought to enforce a rule after the court had reached the merits. In both cases, the Supreme Court held *the party* had forfeited its right to invoke the rule. Neither case involved a court enforcing a rule. Indeed, a holding that a court may not enforce its own rules unless a party timely invokes them would be nonsensical. Such a holding would place a court at the mercy of the parties. This result was recently rejected in *Day v. McDonough*, 126 S.Ct. 1675 (2006).

---

[16] Based on our conclusion, we need not address our ability to *sua sponte* enforce our own rules. *C.f. Day v. McDonough*, 126 S.Ct. 1675 (2006) (upholding magistrate judge's *sua sponte* dismissal of untimely habeas petition even though timeliness requirement was not jurisdictional and the State had erroneously conceded the petition was timely).

[17] Not only do we have the power and duty to enforce our rules, we have the ability to suspend any non-jurisdictional maxim. *See* FED. R. APP. P. 2 (permitting us to suspend the appellate rules, except Rule 26(b), on our own motion "to expedite a case or for other good cause").

In *Day*, the Court addressed whether a federal court may *sua sponte* dismiss a habeas petition as untimely even after the State has conceded the petition was timely. There, Day filed a habeas petition pursuant to 28 U.S.C. § 2254. In its answer, the State conceded the petition was timely due to statutory tolling. *See* 28 U.S.C. § 2244(d)(1)(A). Nevertheless, upon his own inspection of the pleadings, the magistrate judge determined the State had miscalculated the tolling time and the petition was untimely. After affording Day an opportunity to show cause why the petition should not be dismissed as untimely and finding his responses inadequate, the magistrate recommended dismissal. The district court adopted this recommendation.

The Supreme Court upheld the magistrate's *sua sponte* dismissal of Day's petition. It concluded a court may, but is not obligated to, *sua sponte* dismiss an untimely habeas petition even where the State has not contested the petition's timeliness or has erroneously conceded the petition was timely.[18] *Id.* at 1681, 1684. "[While judges] surely have no obligation to assist attorneys representing the State[,] if a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge." *Id.* at 1684. It reached this decision despite the fact the timeliness requirement was not jurisdictional and despite Day's argument, which Justice Scalia adopted in dissent, that the civil rules require a statute of limitations defense to be raised in

_____

[18] Before doing so, a court must provide the parties "fair notice and an opportunity to present their positions." *Day*, at 1684. We did so with an order to show cause.

the answer or it is forfeited. *Id.* at 1681-83, 1685, 1689.

Similarly, even though Defendants may have forfeited their right to challenge the timeliness of the appeal by not raising it in a timely fashion, nothing precludes us from enforcing Rule 4(a)'s time limitation *sua sponte*.[19]

DISMISSED.

---

[19] We recognize we could have alerted Defendants to the untimeliness of the appeal and allowed them the opportunity to file a motion to dismiss. In *Day*, both the Majority and Justice Scalia recognized the controversy may have been avoided had the magistrate, rather than acting *sua sponte*, informed the State of its error and entertained an amendment to the answer. 126 S.Ct. at 1683, 1687-88. Contrary to Justice Scalia's view that such procedure ensures the federal rules are followed, the Majority saw "no dispositive difference" between that route and the procedure the magistrate employed. *Id.* We too find no dispositive difference between prompting Defendants to file a motion to dismiss and our *sua sponte* dismissal. Indeed, unlike in *Day*, our *sua sponte* dismissal for untimeliness is consistent with the appellate rules, which do not require Defendants to "raise it or lose it." In any event, Defendants have argued in favor of dismissal in their jurisdictional brief, submitted upon invitation.