**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDY TROY LE WILLIAMSON,

    Plaintiff - Appellant,

v.

DELUXE FINANCIAL SERVICES, INC., formerly known as Deluxe Corporation; JANELLE JORDAN; RUTH ANN LEWIS; KEITH DERKS,

    Defendants - Appellees.

No. 05-3312
(D. Kansas)
(D.Ct. No. 03-CV-2538-KHV)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Andy Troy Le Williamson was terminated from his position as a customer support specialist at Deluxe Financial Services based on a pattern of tardiness and a series of absences. Several of the absences were excused by his physician. Le Williamson filed suit in the United States District Court for the District of Kansas alleging a violation of the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. On July 6, 2005, the district court entered an order granting summary judgment to Deluxe Financial Services. A separate judgment was filed the same day. Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Le Williamson had thirty days, or until August 5, 2005, to file a timely notice of appeal. On August 5, Le Williamson apparently attempted to file his notice of appeal with the district court via e-mail but was unsuccessful. On August 8, he filed a hard copy of the notice of appeal via a drop box when he discovered the notice of appeal had not been entered on the district court's docket. The district court docket records the filing of the notice of appeal on August 8. Deluxe Financial Services contends this Court lacks jurisdiction due to the untimely filing. Le Williamson argues his untimely filing should be excused because he timely submitted the notice of appeal by e-mail. We dismiss the appeal for lack of jurisdiction.

A timely filing of a notice of appeal in a civil case is mandatory and jurisdictional. *Alva v. Teen Help*, 469 F.3d 946, 951 (10th Cir. 2006); *see also United States v. Ceballos-Martinez*, 371 F.3d 713, 715 (10th Cir. 2004) ("Without

jurisdiction a court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation omitted). The *pro se* status of the appellant does not affect this rule. *See Mayfield v. U.S. Parole Comm'n*, 647 F.2d 1053, 1055 (10th Cir. 1981) (dismissing *pro se* appeal filed three days late).

Le Williamson's attempt to avoid the operation of Rule 4(a)(1)(A) is unavailing. Unfortunately for Le Williamson, a generic "submission by e-mail" is not the same as "filing" for purposes of Rule 4. To be "filed" within the meaning of Rule 4, the document must be submitted to the clerk's office by an approved manner. In the District Court of Kansas, documents can be submitted directly to the clerk's office, by drop box, or electronically as specified by court rules. Under the Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas in Civil Cases (Administrative Procedure), "[e]-mailing a document to the clerk's office or to the assigned judge does not constitute filing the document. A document shall not be considered filed until the System generates a notice of electronic filing." (Administrative Procedure at 6, available at: http://www.ksd.uscourts.gov/cmecf/rules/CvAdminProc.pdf.) No such notice was generated in this case. The likely reason is that Le Williamson e-mailed his notice of appeal to the wrong address: KSD_CMEF@ksd.uscourts.gov. Although

the Administrative Procedure does not specifically provide for e-mailing a notice of appeal, most filings, with the exception of proposed orders, should be e-mailed to:  ksd_clerks_kansascity@ksd.uscourts.gov.  *See* Administrative Procedure at 6, 13[1]

It is for reasons like this that the Administrative Procedure specifically precludes *pro se* filers from submitting electronically:

> Pro se filers shall file paper originals of all complaints, pleadings, motions, affidavits, briefs, and other documents that must be signed or that require either verification or an unsworn declaration under any rule or statute.  The Clerk's office will scan these original documents into an electronic file in the system, but will also maintain the original in a paper file.

(*Id*. at 15.)  *See also* D. Kan. Standing Order 03-1, Rule 5.4.2 ("A party to a pending civil action who is not represented by an attorney may not register as a Filing User in the Electronic Filing System unless permitted to do so by the court.").  Thus, Le Williamson was not authorized to submit documents by e-mail. He apparently had no problem complying with this rule on a regular basis in the district court.

Le Williamson argues he should be excused from the prohibition against electronic filing for *pro se* parties because he was allowed to file a pleading by e-mail on April 18, 2005.  Even if we were to accept this argument, we note Le

---

[1] The Administrative Procedure also provides specific addresses for Topeka and Wichita. The presiding judge in this case, the Honorable Kathryn H. Vratil, sits in Kansas City.

Williamson also unsuccessfully attempted to file a pleading on May 27, 2005, to the same incorrect e-mail address. That pleading was never filed. Instead, the district court apparently sent Le Williamson a reply e-mail indicating the e-mail pleading should have been filed by counsel. Thus, he was on notice that filings sent to the particular e-mail address would not be filed and that a *pro se* party cannot electronically file.

In any event, this Court is not empowered to extend the time to file a notice of appeal. FED. R. APP. P. 26(b)(1). That power lies with the district court under the narrow terms set out in Rule 4(a)(5). *Alva*, 469 F.3d at 951, n.2. Le Williamson made no attempt to avail himself of that exclusive safety valve.

DISMISSED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-5-