**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER PIERCE,

      Petitioner-Appellant,

v.

JOSE ROMERO, Warden,

      Respondent-Appellee.

No. 08-2005
(D.C. No. 6:06-CV-00910-BB-CG)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Christopher Pierce, a state prisoner proceeding pro se, requests review of

the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas

corpus. We construe this request as an application for a certificate of

appealability ("COA"), but we lack jurisdiction over Pierce's application because

it was untimely filed. Because the district court denied Pierce a COA, he may not

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 32.1.

appeal the district court's decision absent a grant of COA by this court. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Pierce to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). We deny Pierce's application for a COA and dismiss this appeal.

Pierce was convicted in New Mexico state court of one count of first degree murder, three counts of criminal sexual penetration in the first degree, one count of criminal sexual contact in the third degree, and sixteen counts of child abuse. He was sentenced to life imprisonment for the murder conviction, plus a consecutive eighteen years' imprisonment on the sexual penetration convictions, and various concurrent terms of imprisonment on the remaining counts. Pierce's child abuse convictions and sentences were vacated on direct appeal. Following his state collateral appeal, Pierce filed a petition for a writ of habeas corpus in federal district court, raising nineteen claims. Adopting a magistrate judge's report and recommendation, the district court denied his application in an order entered on November 20, 2007.

After receiving the district court's denial of habeas relief, Pierce stated under penalty of perjury that he submitted a notice of appeal from that decision to

a court "in Washington." Attachments to his affidavit suggest that he in fact sent his notice to the United States Court of Appeals for the Federal Circuit on or around December 16, 2007. Pierce also submitted the affidavit of a prison employee who states that he delivered this notice to the prison mail room on December 14, 2007. Pierce asserts in his affidavit that this submission was sent back to him with the notation "Return to Sender." There is no evidence that the Federal Circuit attempted to transfer the notice of appeal to the United States District Court for the District of New Mexico, where Pierce's notice of appeal should have been filed. Upon receiving the returned notice, Pierce resubmitted his notice of appeal to the district court, putting it into the prison mail system on December 28, 2007. The district court received this notice of appeal on January 8, 2008.

This court has no jurisdiction over the merits of Pierce's claim unless his notice of appeal was timely filed. See Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007); Alva v. Teen Help, 469 F.3d 946, 948 (10th Cir. 2006). Notice of appeal must be filed within 30 days from the entry of the judgment or order appealed, subject to the provisions of the so-called "prison mailbox rule." Fed. R. App. P. 4(a)(1)(A) (30-day time limit); 4(c) (exception for prisoners who deposit the notice of appeal into an institutional mail system within the filing period). In this case, Pierce's notice of appeal was due on December 20, 2007.

When a notice of appeal is filed in the wrong circuit, 28 U.S.C. § 1631 allows transfer to a court with jurisdiction if a transfer is "in the interest of justice." 28 U.S.C. § 1631. Section 1631 further provides that upon such transfer, the appeal will be deemed filed on the date initially filed with the incorrect court. Id. But this provision cannot save Pierce's appeal, because the record does not indicate that his first notice was ever filed in the Federal Circuit at all. See Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining "filing" to include both delivery of a legal document and acceptance of that document by court officials). Because the Federal Circuit simply returned Pierce's documents to him, it appears that no notice of appeal was ever filed in that court, much less transferred to the District of New Mexico.

Thus, we may consider only Pierce's second notice of appeal, which can be deemed filed in the district court no earlier than the date that Pierce submitted it to the proper address through the prison mail system. Fed. R. App. P. 4(c). He deposited this notice in the mail on December 28, 2007—more than 30 days after the district court's order. Even if Pierce were to receive the benefit of the prison mailbox rule, this notice of appeal would still be untimely.

Accordingly, Pierce's application for COA is **DENIED** and his appeal is **DISMISSED** for lack of jurisdiction.  Appellant's motion for appointment of counsel is **DENIED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge