LUCERO, Circuit Judge,
dissenting.
My colleagues in the majority conclude that we lack jurisdiction because the notice of appeal was untimely. Yet the plain language of Federal Rule of Appellate Procedure 4 provides that the thirty-day deadline for the Vanderwerfs to file their notice of appeal has not even begun to run. Thus I respectfully dissent.
As the majority notes, under the Federal Rules of Appellate Procedure, a party may appeal from a district court judgment by filing a notice of appeal within thirty days of the entry of the order or judgment. (Majority Op. 845 (citing Fed. R.App. P. 3, 4(1)(A)).) Our circuit treats the timely filing of a notice of appeal as “mandatory and jurisdictional.” Alva v. Teen Help, 469 F.3d 946, 955 (10th Cir.2006). Rule 4, however, tolls the thirty-day deadline under certain circumstances. If a party timely files a motion to alter or amend a *849 judgment under Federal Rule of Civil Procedure 59(e), then “the [thirty-day deadline] to file an appeal runs for all parties from the entry of the order disposing of’ that motion or any other motion that tolls the deadline under Rule 4. Fed. R.App. P. 4(a)(4)(A)(iv).
Summary judgment was entered for SmithKline Beecham (“SKB”) on January 9, 2008. The Vanderwerfs filed a motion to alter or amend the judgment on January 17, 2008, well within the filing deadline under Rule 59(e). After the district court failed to rule on the motion for nearly seven months, the Vanderwerfs withdrew their motion and filed their notice of appeal on August 8, 2008. Any delay in this case was caused by the district court, not the Vanderwerfs.[1]
According to the majority, the filing of a Rule 59(e) motion did not toll the deadline to file a notice of appeal because the district court never ruled on the motion. (Majority Op. 846.) Thus, the Vanderwerfs had thirty days from the entry of summary judgment in favor of SKB to file their notice of appeal. Because they failed to do so, they did not file a timely notice of appeal.
Under the language of Rule 4, however, it is not a district court’s order disposing of a Rule 59(e) motion that triggers tolling. Instead, the thirty-day filing deadline does not even begin to run until the district court files an order: “If a party timely files in the district court [a motion to alter or amend the judgment under Rule 59(e) ], the time to file an appeal runs for all parties from the entry of the order disposing of’ the Rule 59(e) motion. Fed. R.App. P. 4(a)(4)(A)(iv). By the plain language of the rule, the timely filing of the motion to alter or amend triggers tolling. Because the district court did not rule on the motion to alter or amend the judgment, the thirty-day filing deadline has not begun to run.[2] It follows that the Vanderwerfs’ notice cannot be rejected as untimely-
My reasoning is in accord with pertinent authorities. My colleagues have not cited to any cases holding that a party’s withdrawal of a Rule 59(e) motion somehow nullifies tolling under Rule 4 such that the thirty-day deadline runs from the entry of the original judgment. Indeed, courts addressing similar issues have rejected the majority’s interpretation. In United States v. Rodriguez, 892 F.2d 233 (2d Cir.1989), a party withdrew a Rule 59 motion, and the district court later ruled on the motion. Id. at 235-36. Although the Second Circuit declined to choose which date restarted the filing deadline, it rejected the argument that withdrawal of the motion prevented tolling of the thirty-day deadline. Id. at 236. Similarly, in Brae Transportation, Inc. v. Coopers & Lybrand, 790 F.2d 1439 (1986), the Ninth Circuit decided that a “Notice of Intent to Dismiss” did not nullify tolling that started when the party filed a Rule 59 motion. Id. at 1442. Instead, the thirty-day deadline began to run only when the district court issued an order disposing of the Rule 59 motion as withdrawn. Id.
SKB makes two equitable arguments in favor of its proposal that the Rule 4 filing *850 deadline should not be tolled unless or until the district court issues an order on the motion that triggers tolling. First, it argues that it was unfairly forced to spend time and money briefing the Rule 59(e) motion, only for the Vanderwerfs to withdraw it unilaterally. Had the district court ruled on the motion and upheld its earlier decision, however, SKB would have expended exactly the same costs. Thus SKB’s costs arose because the Vanderwerfs filed a motion, not because they withdrew it. Second, SKB argues that the rule proposed in this dissent would allow abuse: A party could file a motion to alter or amend the judgment in order to extend its time to file a notice of appeal, and then withdraw the motion and file the notice. These actions would artificially extend the filing deadline, drive up the other party’s legal fees, and waste the district court’s time. Such a scheme would fail, however, if the district court ruled on the underlying motion in a timely fashion, as we expect district courts will do. In this case, there is no accusation that the Vanderwerfs acted in bad faith. A better rule would sanction only those parties who seek to abuse the system, rather than punishing innocent parties who simply want what they deserve: their day in court.
For the foregoing reasons, I dissent. I would entertain the present appeal, or remand this case to allow the district court an opportunity to rule on the Vanderwerfs Rule 59(e) motion or enter an order approving withdrawal of the motion.

. The majority suggests the Vanderwerfs should have filed a motion requesting a ruling on their Rule 59(e) motion, filed a motion requesting an extension of time under Fed. R.App. P. 4(a)(5)(A)(ii), or moved to withdraw their Rule 59(e) motion. (Majority Op. 848.) Given the district court’s delay on their initial motion, however, we can hardly fault the Vanderwerfs for rejecting the idea of requesting relief from the very court that caused the delay they sought to relieve.

. The record of the district court states that this case is closed, but no order closing the case has been entered by the assigned judge.