**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 27, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

DAVID HAWKINS, as personal
representative of the Estate of Peggy
Robinson,

     Plaintiff - Appellant,

v.

CUNA MUTUAL GROUP, d/b/a CMFG
Life Insurance Company,

     Defendant - Appellee.

No. 23-6084
(D.C. No. 5:22-CV-00536-SLP)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

David Hawkins appeals the district court's order refusing to grant relief under

Federal Rule of Civil Procedure 60(b)(1) from its earlier denial of Hawkins's

untimely motion to extend the deadline for filing a notice of appeal in the underlying

litigation. Finding no abuse of discretion in the district court's ruling that Rule 60(b)

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a);
10th Cir. R. 32.1(A).

relief was unavailable because Hawkins's extension motion was untimely under the jurisdictional statute governing civil appeal deadlines, we affirm.

## Background

In the underlying insurance action, the district court granted summary judgment to defendants on January 13, 2023. By statute, Hawkins had 30 days to file a notice of appeal, until February 13, 2023.[1] *See* 28 U.S.C. § 2107(a) ("[N]o appeal shall bring any judgment, order[,] or decree in an action, suit[,] or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed[] within [30] days after the entry of such judgment."). He also had 30 additional "days after the expiration of the time otherwise set for bringing appeal" to file a motion to extend the appeal deadline based "upon a showing of excusable neglect or good cause." § 2107(c). That second deadline fell on March 15, 2023.[2]

---

[1] The thirtieth day fell on February 12, 2023, a Sunday, so the deadline shifted to the next day. *See* Fed. R. App. P. 26(a)(1)(C) "([I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[2] These statutory deadlines for civil appeals are implemented in Federal Rule of Appellate Procedure 4(a). *Alva v. Teen Help*, 469 F.3d 946, 950, 953 (10th Cir. 2006). As to the initial appeal deadline, the rule provides that "the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). For extension motions, the rule states that "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Notably, these are the only portions of Rule 4 relevant to this case. Although Hawkins also mentions Rule 4(a)(6), that section's 180-day deadline applies only when a party asserts it did not receive the judgment, which is not the situation here.

2

But Hawkins filed neither a timely notice of appeal nor a timely extension motion. Instead, on March 24, 2023, he filed an untimely extension motion, explaining that he had failed to file a notice of appeal by mistake and because he had been ill. The district court reasoned that it lacked the authority to grant an untimely extension motion and denied it.

Hawkins then filed a motion seeking relief from this denial under Rule 60(b)(1), which permits a court to grant relief from a judgment because of "mistake, inadvertence, surprise, or excusable neglect." In support, Hawkins's counsel explained in more detail that he had been ill and that he lacked experience with electronic filing. The district court denied the Rule 60(b) motion, finding again that it lacked authority to grant Hawkins's untimely extension motion and, in the alternative, determining that Hawkins failed to show excusable neglect sufficient to justify Rule 60(b)(1) relief.

Hawkins now appeals.

## Analysis

Hawkins challenges the district court's denial of his Rule 60(b) motion. Our review is for abuse of discretion. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

As he did below, Hawkins emphasizes various extenuating circumstances that he contends should excuse his untimely extension motion, including counsel's illness and inexperience with electronic filing. But the deadline that Hawkins missed— failing to file his extension motion within 30 days of the expiration of the original

time to file a notice of appeal—derives from a federal statute and thus carries jurisdictional status. *See Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 25 (2017) ("If a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional . . . ."). And critically, "[f]ailure to comply with a jurisdictional time prescription . . . deprives a court of adjudicatory authority over the case."[3] *Id.* at 20.

So the district court correctly ruled that it lacked authority to grant Hawkins's untimely extension motion, no matter the reason for the untimeliness. *See Alva*, 469 F.3d at 950 (declining to extend time to file notice of appeal based on excusable neglect because under § 2107(c), "[o]nly the district court may do so and only under limited circumstances and *for a limited time*" (emphasis added)); *Eagle v. Freeport-McMoRan, Inc.*, No. 18-2178, 2019 WL 13219817, at *2 (10th Cir. Jan. 28, 2019) (stating that "district court lacks authority to grant" untimely motion for extension of time to appeal).[4] It accordingly did not abuse its discretion in denying Hawkins's Rule 60(b) motion.[5]

---

[3] Hawkins suggests for the first time in his reply brief that this deadline is not jurisdictional. We typically decline to consider such belated arguments. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Moreover, the cases he cites in support either do not stand for the propositions he says they do or simply have no relevance here. *See, e.g.*, *United States v. Cos*, 498 F.3d 1115, 1123 (10th Cir. 2007) (analyzing language in two orders to determine which was final and therefore triggered the 30-day period for appealing; reasoning that Supreme Court precedent about jurisdictional nature of certain appeal deadlines in civil cases was not relevant).

[4] Though unpublished, we find *Eagle* persuasive. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[5] Given this ruling, we need not reach any arguments about whether the district court abused its discretion in finding that Hawkins failed to show excusable neglect

**Conclusion**

Finding no abuse of discretion, we affirm the district court's denial of Rule 60(b)(1) relief on the basis that it lacked authority to grant Hawkins's untimely extension motion.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

sufficient to justify Rule 60(b)(1) relief. But we pause to note that the cases Hawkins cites to support his proposition that we have "favored granting leniency where counsel errs but does so under somewhat understandable circumstances" are plainly distinguishable. Aplt. Br. 7; *see also Washington v. Ryan*, 833 F.3d 1087, 1088–89 (9th Cir. 2016) (allowing death-penalty habeas appeal to proceed despite notice of appeal being one day late); *Jennings v. Rivers*, 394 F.3d 850, 852, 856–57 (10th Cir. 2005) (remanding for reconsideration of excusable neglect under correct Rule 60(b)(1) standards where judgment of zero damages was result of attorney arriving 20 minutes late to hearing).