FILED
United States Court of Appeals
Tenth Circuit

December 11, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JODI SHELDON,

     Plaintiff - Appellee,

v.

GOLDEN BELL RETREAT, d/b/a The
Colorado District Church of the Nazarene,
d/b/a Golden Bell Ranch and Golden Bell
Camp and Conference Center,

     Defendant - Appellant.

No. 22-1428
(D.C. No. 1:19-CV-01371-REB-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT***

_____

Before **PHILLIPS**, **KELLY**, and **McHUGH**, Circuit Judges.

_____

A jury found Golden Bell Retreat (Golden Bell) liable to Jodi Sheldon for

gross negligence involving willful and wanton conduct. The district court thereafter

entered judgment in Ms. Sheldon's favor. Both parties filed motions under Rule 59

of the Federal Rules of Civil Procedure, the last of which the district court disposed

of on November 9, 2022. The district court also entered an "Amended Final

---

* After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Judgment" on December 1, 2022.  Golden Bell filed a notice of appeal on December 13, 2022—within thirty days of the Amended Final Judgment but more than thirty days after the court's November 9 order.

Ms. Sheldon moves to dismiss, arguing Golden Bell's notice of appeal is untimely under Rule 4 of the Federal Rules of Appellate Procedure.  We agree.  And, because "a timely notice of appeal in a civil case is jurisdictional," *Alva v. Teen Help*, 469 F.3d 946, 950 (10th Cir. 2006), we dismiss the appeal for lack of jurisdiction.

Rule 4 sets forth the deadlines to file a timely notice of appeal.  It provides: "In a civil case, *except as provided in* Rule[] . . . 4(a)(4) . . ., the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A) (emphasis added).  Under subsection (a)(4)(A)(iv), "[i]f a party files in the district court [a Rule 59 motion]— and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."  Here, both parties timely filed Rule 59 motions in the district court.  The district court disposed of the last such remaining motion (Ms. Sheldon's) on November 9.  So, the time to file an appeal ran for all parties from that date.  Because the thirty-day deadline to file a notice of appeal ran on December 9, Golden Bell's December 13 notice of appeal is untimely.

Golden Bell argues the time limit for its notice of appeal began running not on November 9 but on December 1, the date the district court entered the Amended Final Judgment.  But the "except as provided in" clause in Rule 4(a)(1)(A) directs us

2

to resolve any conflicts between it and subsection (a)(4) in favor of the latter. *See Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 138 S. Ct. 1061, 1070 (2018) ("Thousands of statutory provisions use the phrase 'except as provided in . . .' followed by a cross-reference in order to indicate that one rule should prevail over another in any circumstance in which the two conflict."). Doing so confirms that the time to file a notice of appeal began running on November 9.

Moreover, Rule 4(a)(4)(B)(ii) contemplates the entry of amended judgments resulting from Rule 59 motions. It provides:

> A party intending to challenge . . . a judgment's alteration or amendment upon . . . a [Rule 59] motion, must file a notice of appeal . . . within the time prescribed by this Rule *measured from the entry of the order disposing of the last such remaining motion*."

Fed. R. App. P. 4(a)(4)(B)(ii) (emphasis added). This portion of Rule 4 further indicates the time for filing a notice of appeal is measured from the entry of the November 9 order disposing of the last remaining Rule 59 motion, not the December 1 Amended Final Judgment.

Golden Bell invokes the doctrine of invited error to argue Ms. Sheldon, who had earlier requested the Amended Final Judgment in the course of the parties' post-judgment motions practice, cannot thereafter challenge the timeliness of its notice of appeal based on that judgment. But the doctrine of invited error has no role to play for two reasons. First, Ms. Sheldon is not arguing that the district court *erred* when it issued the Amended Final Judgment. She simply argues—and we agree— that the time for filing a notice of appeal ran thirty days after the date the court

3

disposed of the parties' last remaining Rule 59 motion.  Second, "[i]nvited error is a form of waiver," *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 771 (10th Cir. 2011), but "[t]he issue of subject matter jurisdiction may not be . . . waived."  *Green Sol. Retail, Inc. v. United States*, 855 F.3d 1111, 1114 n.2 (10th Cir. 2017).  So, the doctrine of invited error cannot cure the jurisdictional defect resulting from Golden Bell's untimely appeal.

Because Golden Bell did not file its notice of appeal within thirty days of the district court's disposition of the parties' last remaining Rule 59 motion, we grant Ms. Sheldon's motion to dismiss this appeal for lack of jurisdiction.

Entered for the Court

Gregory A. Phillips
Circuit Judge