GILBERT B. GOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27032, 31768. Promulgated November 19, 1929.

*Theodore B. Benson, Esq.,* for the petitioner.

*Maxwell E. McDowell, Esq.,* and *Frank B. Schlosser, Esq.,* for the respondent.

OPINION.

MARQUETTE: Two issues are raised herein—(1) whether the respondent had the right to send a second deficiency notice for the years 1922 and 1923, the petitioner not having filed a petition with this Board from the first notice for those years, and (2) whether the petitioner is entitled, in computing his net income for the years 1922, 1923, and 1924, to deduct any amount for depletion of the property held under a trust created by his father, Gilbert B. Goff, Sr. The issues will be discussed in the order named.

Under the Revenue Act of 1924 the Commissioner had the right, unless precluded by a written agreement of final determination or by the statute of limitation on assessment and collection, repeatedly to redetermine and reassess a tax and to issue notices thereof. *J. W. Bowman*, 8 B. T. A. 526. But the notices herein were issued subsequent to the effective date of the Revenue Act of 1926, which provides:

SEC. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

\* \* \* \* \* \* \*

(e) The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

(f) If after the enactment of this Act the Commissioner has mailed to the taxpayer notice of a deficiency as provided in subdivision (a), and the taxpayer files a petition with the Board within the time prescribed in such subdivision, the Commissioner shall have no right to determine any additional deficiency in respect of the same taxable year, except in the case of fraud, and except as provided in subdivision (e) of this section or in subdivision (c) of section 279. If the taxpayer is notified that, on account of a mathematical error appearing upon the face of the return, an amount of tax in excess of that shown upon the return is due, and that an assesment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical error, such notice shall not be considered, for the purposes of this subdivision or of subdivision (a) of this section, or of subdivision (d) of section 284, as a notice of a deficiency, and the taxpayer shall have no right to file a petition with the Board based on such notice, nor shall such assessment or collection be prohibited by the provisions of subdivision (a) of this section.

    *        *        *        *        *        *        *

Sec. 279. (c) The jeopardy assessment may be made in respect of a deficiency greater or less than that notice of which has been mailed to the taxpayer, despite the provisions of subdivision (f) of section 274 and whether or not the taxpayer has theretofore filed a petition with the Board of Tax Appeals. The Commissioner shall notify the Board of the amount of such assessment, if the petition is filed with the Board before the making of the assessment or is subsequently filed, and the Board shall have jurisdiction to redetermine the entire amount of the deficiency and of all amounts assessed at the time in connection therewith.

It is clear from the sections of law just quoted that the Congress intended thereby to require the Commissioner, where he had issued a notice of deficiency and the taxpayer had filed a petition with this Board, to assert any additional taxes that he might determine to be due from the taxpayer by a claim or answer in the nature of a cross petition and not by a separate proceeding. This intent is also evidenced by the Report of the Ways and Means Committee of the House of Representatives. It may safely be assumed that the object of Congress was to avoid a multiplicity of proceedings for the same taxable year. But we find no reason for holding that the Commissioner may not issue a second deficiency notice for the same taxable year where the taxpayer has failed or declined to appeal from the first notice. The Commissoner can not institute a proceeding before this Board if the taxpayer fails or declines to institute such proceeding from the first deficiency notice and in such a case obviously he can not assert his claim for additional taxes " at or before the hearing or rehearing." Under these circumstances the only

way he can assert any additional tax that he may find to be due, in excess of the tax covered by the first deficiency notice, is to send a second deficiency notice, and in so doing he not only does not deprive the taxpayer of any right, but preserves and protects the rights of the Government. We are of opinion that the respondent was not precluded by law from issuing the deficiency notices herein; that they are valid and that appeals therefrom lie to this Board.

The petitioner contends that as a beneficiary of the trust created by his father, Gilbert B. Goff, Sr., by the trust instrument set forth in the findings of fact, he is not only entitled to the income therefrom for a certain period but to an interest in the corpus, and is therefore entitled to deductions for depletion of the trust property. The question of the right of a beneficiary of a trust to deductions for depletion of the trust property has been repeatedly before this Board and in each instance we have held that the beneficiary is not entitled to such deduction. *Arthur H. Fleming*, 6 B. T. A. 900; *Kate Fowler Merle-Smith*, 11 B. T. A. 254; *Margaret B. Fowler*, 11 B. T. A. 265; *George Snyder Crilly*, 15 B. T. A. 642; and *Detroit Trust Co. et al., Executors*, 16 B. T. A. 207, and we have reached the same conclusion where the beneficiary under the trust was also a remainder man. *Willard J. Denno, Executor*, 16 B. T. A. 403.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

*Theodore B. Benson, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, and *Frank B. Schlosser, Esq.*, for the respondent.