**Richard L. JONES, and Margaret A. Jones, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 89–2165.

United States Court of Appeals, Fifth Circuit.

Nov. 29, 1989.

Rehearing Denied Dec. 28, 1989.

Rudy M. Groom, Groom, Naiser & Associates, Houston, Tex., for plaintiffs-appellants.

Cynthia E. Messersmith, Atty., Dept. of Justice, Tax Div., Dallas, Tex., Paula Offenhauser, Asst. U.S. Atty., Houston, Tex., Teresa E. McLaughlin, Gary R. Allen, Chief, Appellate Section, Tax Div., Dept. of Justice, Ann B. Durney, Washington, D.C., for defendant-appellee.

Before WISDOM, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Taxpayers sued seeking to enjoin the Government from "continuing in force and effect both a purported assessment and levy against the property of [taxpayers] allegedly to be applied to federal income taxes due or to become due" with respect to the years 1982 and 1983.[1] They alleged jurisdiction under 28 U.S.C. § 1340, 28 U.S.C. § 1361, the Internal Revenue Code, 26 U.S.C. § 6213(a), and the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* Because we find that the notices of deficiency sent by the IRS were sufficient, the IRS assessment was proper and the district court was correct in holding that it had no

jurisdiction to enjoin collection of the taxes assessed.

## I

The Joneses filed a joint income tax return on October 17, 1983, for the calendar year 1982. The IRS mailed a statutory notice of deficiency to the Joneses on March 5, 1986, asserting a deficiency of $4,972.20 for the year 1982, and taxpayers received this notice. Thereafter, on or about May 29, 1986, before 90 days had passed, the IRS issued a second notice of deficiency for 1982, and increased the deficiency to $31,384. The government properly mailed this notice, but the Joneses deny receiving it. Pursuant to the notice of deficiency dated May 19, 1986, the Commissioner of Internal Revenue assessed $31,384.30 in taxes, $16,758.43 in interest and $8,822.75 in penalties against the Joneses for the year 1982 on November 17, 1986.

The district court dismissed the Joneses' suit for lack of jurisdiction on January 30, 1989, pursuant to the Anti–Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits to restrain the assessment or collection of taxes except in certain circumstances. The Joneses appeal from this order.

## II

The Joneses contend that the deficiency notice procedures set forth in the Internal Revenue Code of 1986, 26 U.S.C. §§ 6212 and 6213(a), were not correctly followed before the taxes were assessed, and that, consequently, an injunction restraining collection of those taxes should issue.

■  Section 7421(a) of the Internal Revenue Code, commonly known as the Anti–Injunction Act, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom the tax was assessed." 26 U.S.C. § 7421(a). The Act insures that, once a tax

---

1. The assessment against the Joneses for 1983 has been abated, and, therefore, the issue of whether the district court erred in refusing to grant taxpayers an injunction against collection of taxes assessed for that year has become moot. *See Koger v. United States,* 755 F.2d 1094 (4th Cir.1985).

has been assessed, the taxpayer ordinarily has no power to prevent the IRS from collecting it; his only recourse is to pay the tax in full, and then sue for a refund. *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Bob Jones University v. Simon,* 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974); *South Carolina v. Regan,* 465 U.S. 367, 376, 104 S.Ct. 1107, 1113, 79 L.Ed.2d 372 (1984).

■ The Anti–Injunction Act enumerates exceptions to its proscription. One of these exceptions is when the IRS assesses or collects a tax without sending the taxpayer a proper notice of deficiency so that he might have his case heard in the Tax Court. 26 U.S.C. § 6212. Another exception to the bar against injunction is made where, after a notice of deficiency is issued and the taxpayer files a petition in the Tax Court, the IRS attempts to send the taxpayer a further notice of deficiency involving his tax liability for the same year. 26 U.S.C. § 6213(a). Where a notice of deficiency is defective within the meaning of section 6213(a), a court of equity is empowered in its discretion to enjoin the assessment and collection of a tax liability. *Perlowin v. Sassi,* 711 F.2d 910, 912 (9th Cir.1983).

■ The Joneses argue that the May 29 notice of deficiency was defective, and that, consequently, an injunction restraining collection of additional assessed taxes should issue. There is no merit to the taxpayers' contention that the notice was invalid because they did not receive it. The government produced a copy of Postal Form 3877 showing that the notice was mailed on May 29, 1986. Section 6212 does not require actual receipt by the taxpayer of the notice of deficiency. Rather, it provides that the notice "shall be sufficient" if mailed to the taxpayer at his "last known address." *See Keado v. Commissioner,* 853 F.2d 1209, 1211–12 & n. 9 (5th Cir.1988). As the Ninth Circuit has observed,

* * * the Congress, when it "authorized" service by registered [or certified] mail, did not intend to require actual receipt by the addressee of the letter. Rather, it permitted the use of a method of giving notice that would ordinarily result in such receipt.

*Cohen v. United States,* 297 F.2d 760, 772 (9th Cir.1962), *cert. denied,* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962). The statutory scheme, therefore, provides a method of notification which insures that the vast majority of taxpayers will be informed that a tax deficiency has been determined against them without imposing on the Commissioner the virtually impossible task of proving that the notice actually has been received by the taxpayer.[2]

Taxpayers also argue that the May 29 notice was precluded by section 6212(c), and that the assessment of the tax in November 1986 was untimely. We disagree.

Section 6212(c) of the Code provides:

(1) General rule.—If the Secretary has mailed to the taxpayer a notice of deficiency as provided in subsection (a), and the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a), the Secretary shall have no right to determine any additional deficiency of income tax for the same taxable year, . . . .

The time proscribed in section 6213(a) is 90 days following issuance of the notice of deficiency. The Joneses argue that this precludes a second notice of deficiency until the 90 days for filing a petition in Tax Court have passed, even if the taxpayer does not file a petition in the Tax Court. This interpretation is contrary to the plain language of the statute, and the government maintains that it was not intended by Congress.

The legislative history of § 274(f) of the Revenue Act of 1926, ch. 27, 44 Stat. 9, 56, the predecessor to section 6212(c), discloses

---

**2.** The legislative history reflects that Congress explicitly considered, but rejected, a proposal that would have required actual receipt of the notice, because it would have imposed an impossible burden on the Commissioner. *See* Rev-

enue Act of 1924, ch. 234, 43 Stat. 253, Sec. 274(a); 65 Cong.Rec. 2969–70 (1924) (proposed amendment by Rep. Allen); J. Seidman, *Legislative History of Federal Income Tax Laws, 1938–1961,* at 759–61 (1938).

that Congress intended to permit more than one notice of deficiency with respect to a taxable year where the taxpayer does not seek redetermination of the deficiency initially asserted.

The House Bill in Section 274(f) provides that if after the enactment of this bill the Commissioner has notified the taxpayer of a deficiency, he shall have no further right to determine an additional deficiency except in case of fraud. The committee recommends that this provision be confined to cases where the taxpayer has appealed to the Board [of Tax Appeals]. If he does not appeal to the Board, he has a right to file a suit for refund at any time within the statutory period of limitations, and there seems no reason why in such cases the Commissioner should not have equal right to assess any further deficiency he may find within the statute of limitations imposed on the Government.

S.Rep. No. 52, 69th Cong., 1st Sess. (1939–1 Cum.Bull. (Pt. 2) 332, 352–53).

■ If a taxpayer does not file a petition in the Tax Court after receiving a notice of deficiency, the Commissioner is not precluded from sending the taxpayer a further notice asserting an additional deficiency for the same taxable year. *Skaneatles Paper Co. v. Commissioner,* 29 B.T.A. 150, 155 (1933); *Goff v. Commissioner,* 18 B.T.A. 283, 288–89 (1929); *Smith v. Commissioner,* 18 B.T.A. 289, 293 (1929). As the court noted in *Goff:*

It may be safely assumed that the objective of Congress was to avoid a multiplicity of proceedings for the same taxable year. But we find no reason for holding that the Commissioner cannot institute a proceeding before this Board if the taxpayer fails or declines to institute such proceeding from the first deficiency notice....

18 B.T.A. at 288–89.

■ Unless a petition is actually filed in the Tax Court contesting the initial deficiency notice, the IRS is not precluded from issuing further notices of deficiency, even before the expiration of the 90 day period from mailing of the first notice. *Gmelin v.*

*Commissioner,* 55 T.C.M. (CCH) 1410, 1418–19 (1988), *on appeal,* 3d Cir. Nos. 89–1389, 89–1390, 89–1426, and 89–1427. In *Gmelin,* the first deficiency notice was mailed to the taxpayer on October 31, 1984, and the second was mailed on November 30, 1984. The taxpayer filed a petition in the Tax Court contesting the November 30 notice only, contending that it was invalid under § 6212(c). The Tax Court disagreed. The court found that § 6212(c) "was intended to restrict [the Commissioner] from issuing a second notice of deficiency only if the taxpayer has filed a Tax Court petition with respect to the first notice of deficiency." 55 T.C.M. (CCH) at 1418. Since the Joneses never filed a petition with respect to the notice issued March 5, the second notice of deficiency, issued on May 29, 1986, was valid.

■ The Joneses' contention that the assessment of the 1982 taxes was time-barred is also erroneous. The three-year statute of limitations provided in Code § 6501 was tolled under Code § 6503(a) for 150 days by the mailing of the initial notice of deficiency on March 5, 1986. When that 150–day period expired, the unelapsed portion of the limitations period began to run anew. Thus, the assessment would have been timely if it was made at any time within three years plus 150 days of the filing of the return. Consequently, the assessment here, which was made in November, 1986, three years and one month after the Joneses filed their return for 1982, was timely.

### III

The taxpayers were given timely notice of deficiency and did not choose to petition to the Tax Court. Therefore, the IRS was not precluded from sending its second notice of deficiency for the 1982 taxable year, and the assessment of taxes against the Joneses was proper. The Anti–Injunction Act thus barred an injunction against collection of the assessed taxes. We AFFIRM.