Wilford SIMPSON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 90–30021–RV.

United States District Court,
N.D. Florida,
Pensacola Division.

Nov. 2, 1992.

---

Wilford Simpson, Paxton, FL, pro se.

Carol Koehler Ide, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

VINSON, District Judge.

Pending are cross-motions for summary judgment. (Docs. 56, 57).

## I. BACKGROUND

The pro se plaintiff, Wilford Simpson, filed this action to quiet title to certain personal property on which the defendant, the United States of America, claims an income tax lien. Simpson does not dispute the merits of the underlying assessment, but only the procedures used by the government in imposing the liens and levies.

By order of October 9, 1991, I granted summary judgment in favor of the defendant on all but one of Simpson's claims. The sole remaining issue is whether the government failed to give final notice of its intention to levy on Simpson's wages, as required by Title 26, United States Code, Section 6331(d)(1). The parties have filed cross-motions for summary judgment on this issue.

## II. DISCUSSION

### A. *Summary Judgment Standard*

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273 (1986); *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). "The moving party is entitled to judgment as a matter of law if the nonmoving party cannot sufficiently show an essential element of the case to which the nonmoving party has the burden of proof." *Cornelius v. Highland Lake,* 880 F.2d 348, 351 (11th Cir.1989), *cert. denied,* 494 U.S. 1066, 110 S.Ct. 1784, 108 L.Ed.2d 785 (1990).

However, summary judgment is improper "[i]f a reasonable fact finder could draw more than one inference from the facts, and that inference creates a genuine issue of material fact." *Id.* An issue of fact is "material" if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211 (1986). It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986).

On a summary judgment motion, the record and all inferences that can be drawn from it, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177 (1962). Furthermore, the court must consider the entire record in the case, and not just those pieces of evidence which have been singled out for attention by the parties. *See Clinkscales v. Chevron USA, Inc.,* 831 F.2d 1565, 1570 (11th Cir.1987).

### B. *Notice of Intention to Levy*

■ Before the government may levy upon a taxpayer's property, the taxpayer must be given notice. Section 6331(d)(1) provides:

Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid

tax only after the Secretary has notified such person in writing of his intention to make such levy.

26 U.S.C. § 6331(d)(1). This notice must be either given in person, left at the dwelling or usual business place, or sent by certified or registered mail to the taxpayer's last known address, no less than (10) days before the day of the levy. 26 U.S.C. § 6331(d)(2); 26 C.F.R. § 301.6331–2(a). Strict compliance with this procedure is necessary to effect a valid levy and seizure, in order "to give the taxpayer a last chance to avoid the drastic consequences of seizure by payment of the tax liability." *Potemken v. United States,* 841 F.2d 97, 102 (4th Cir.1988).

By authorizing the use of certified or registered mail, Section 6331(d)(2) provides a method of notification which insures that the vast majority of taxpayers will be informed of the government's intent to levy, without imposing upon the government the virtually impossible task of proving that the taxpayer has actually received notice. *Jones v. United States,* 889 F.2d 1448, 1450 (5th Cir.1989); *Cohen v. United States,* 297 F.2d 760, 772 (9th Cir.1962), *cert. denied,* 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962).

■ The government is correct that it need not prove that Simpson *actually received* the notices in order to establish a valid levy. *McCarty v. United States,* 929 F.2d 1085, 1089 (5th Cir.1991); *Jones, supra,* 889 F.2d at 1450; *Morse v. Internal Revenue Service,* 635 F.2d 701, 702–03 (8th Cir.1980); *United States v. Ahrens,* 530 F.2d 781, 785 (8th Cir.1976); *Brown v. Lethert,* 360 F.2d 560, 562 (8th Cir.1966); *Bellis v. Commissioner,* No. 89–70337, 1991 WL 100835 at *1, 1991 U.S. App. LEXIS 12791 at * 3–4 (9th Cir. June 7, 1991). To require such proof would impose too onerous a burden upon the government. Rather, a valid levy requires proof that notice was sent to Simpson's last known address by either certified or registered mail.

■ As proof that pre-levy notice was sent to Simpson, the government has offered the affidavit of Toney Altieri, an advisor/reviewer in the Internal Revenue Service's "office of Special Procedures Function [sic]." (Doc. 56). Altieri alleges that pre-levy notices were sent to Simpson by certified mail on July 1, 1985; October 6, 1986; September 21, 1987; and March 20, 1989. (Altieri Aff.; Doc. 56). No other evidence was submitted by the government as proof of pre-levy notice to Simpson. As a result, the record lacks the type of significantly probative evidence which, in numerous other cases, has rebutted taxpayers' claims that they were not given notice of deficiency or levy.

For example, in *Bellis v. Commissioner, supra,* the Internal Revenue Service produced copies of a certified mail return receipt to show that notice had been sent to the taxpayer's home. 1991 U.S.App. LEXIS at * 4. Similarly, in *Lewin v. Commissioner,* 569 F.2d 444, 447 (7th Cir.1978), *cert. denied,* 437 U.S. 904, 98 S.Ct. 3090, 57 L.Ed.2d 1134 (1978), copies of postal forms 3849, which were left in the taxpayer-recipient's mailbox when the postal service attempted to deliver a notice of deficiency via certified mail, were sufficient to show delivery. *See also McCarty v. United States, supra,* (postal service form sufficient evidence that taxpayer was sent notice of deficiency); *United States v. Ahrens, supra,* (same); *Walsh v. United States,* 507 F.Supp. 808, 810–11 (D.Minn. 1981) (government produced an administrative file which contained the original notice of deficiency (which had been returned to sender after the taxpayer had changed addresses without so informing the Internal Revenue Service), the envelope in which the notice was mailed, and a postal form which indicated that the notice had been sent certified mail.)

Simpson contends that he did not receive any of the notices allegedly sent by the government. (Simpson Decl.; Doc. 57). The government has offered only the Altieri affidavit to prove otherwise. On the basis of this evidence, I find that there exists a genuine issue of fact as to whether pre-levy notices were sent to Simpson. For this reason, neither party is entitled to judgment as a matter of law.

Accordingly, both parties' motions for summary judgment are DENIED.

DONE AND ORDERED.