**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHYLLIS DOROTHY MABBETT,

Petitioner - Appellant,

v.

COMMISSIONER OF THE INTERNAL
REVENUE SERVICE,

Respondent - Appellee.

No. 14-9003
(Tax Court No. 11354-14)
(United States Tax Court)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.

The Internal Revenue Service (IRS) issued a notice of deficiency to Phyllis

Mabbett concerning her 2008 taxes. The notice gave her until May 12, 2014, to register

her disagreement by filing a petition for redetermination of the deficiency with the Tax

Court. Mabbett filed such a petition on May 19, 2014. The Tax Court decided the

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

petition was untimely and dismissed for lack of jurisdiction, a decision Mabbett refuses to accept. She raises a host of arguments attempting to excuse her late filing. None pass muster.

## I. Background Details

The IRS determined Mabbett owed over $200,000 in income taxes and penalties for 2008. On February 10, 2014, it issued Mabbett a notice of deficiency (notice) explaining she had 90 days, or until May 12, 2014, in which to file a petition with the Tax Court. The IRS sent the notice via certified mail to three different addresses: (1) a street address in Encinitas, California—the address appearing on Mabbett's most recently filed tax return (her 2011 tax return),[1] (2) a post office box in Lake City, Colorado, and (3) a street address in Lake City, Colorado.[2] The notice sent to the California address was delivered by the United States Postal Service on February 13, 2014. The notices sent to the Colorado addresses were forwarded (apparently per Mabbett's instructions) to the California address on February 11, 2014. A week later (February 18, 2014) the postal service attempted to deliver them to the California address but no one was present to sign for them. As a result, the postal carrier left notification at the address informing Mabbett that mail was being held for her at the local post office. Because Mabbett never claimed

---

[1] The 2011 tax return is dated March 25, 2013, and was received by the IRS on March 27, 2013. At the time the notice was issued, Mabbett had yet to file a 2012 or 2013 tax return.

[2] Mabbett owns a resort in Colorado and performs seasonal work there in the Spring. The IRS was aware of the Colorado addresses from previous contacts with Mabbett.

the notices at the post office, they were returned to the IRS on March 31, 2014. In addition to these notices, the IRS sent a copy of the notice to Jack Salewski, the person it had on file as Mabbett's authorized representative and accountant. Per Mabbett's request, Salewski faxed the notice to her on March 13, 2014. She apparently received this notice because she attached it to her petition for redetermination.

Mabbett's petition for redetermination was filed with the Tax Court on May 19, 2014. The IRS moved to dismiss the petition as untimely because it was not filed within 90 days of the mailing of the notice as required by 26 U.S.C. § 6213(a). Mabbett opposed the motion claiming she never received any of the notices because she was out of town when they were delivered and her attempts to track the certified mail notification left by the postal service were unsuccessful.[3] Yet she acknowledged she received a copy of the notice via fax from Salewski on March 13, 2014. She nonetheless claimed that notice was inadequate because it "came through poorly and the date was smudged so badly that she interpreted the due date [for her petition] to be May 17, so based on that understanding . . . [her petition] was timely."[4] (R. Doc. 5 at 1.) Additionally, she argued

_____

[3] While Mabbett may not have been able to obtain the notices which were originally sent to the Colorado addresses and ultimately returned to the IRS, she fails to explain why she did not receive the notice mailed directly to the California address. The record indicates that notice was in fact delivered to the California address. In any event, as we will explain, actual receipt of the notice by the taxpayer is unnecessary; the notice is deemed sufficient if it is mailed to the taxpayer's "last known address." 26 U.S.C. § 6212(b)(1).

[4] In claiming her May 19, 2014 petition was timely filed by May 17, 2014, Mabbett relies on 26 U.S.C. § 7502(a). This provision of the Internal Revenue Code contains a rule similar to the mailbox rule we employ for certain inmate filings. *See*
(Continued . . .)

she had 150 days to file her petition under 26 U.S.C. § 6213(a) because she is a Canadian citizen. Mabbett further claimed the documents attached to the IRS's motion to dismiss—those establishing proof of mailing of the notice—could not be considered because they were not sworn to or notarized. Finally, she maintained the court had the "discretion to deny the motion to dismiss in the interests of fairness and justice." (R. Doc. 14 at 3.)

In dismissing for lack of jurisdiction, the Tax Court decided her petition was untimely. It found the notice had been sent to Mabbett's last known address—the Encinitas, California address—on February 10, 2014. Because Mabbett had not shown she was "outside the United States" at the time the notice was sent, *see* 26 U.S.C. § 6213(a), she had 90 days, not 150 days, or until May 12, 2014, in which to file her petition.

## II. Discussion

We review the Tax Court's factual findings for clear error and its legal determinations de novo. *Esgar Corp. v. Comm'r*, 744 F.3d 648, 652 (10th Cir. 2014).

"Upon determination of a tax deficiency, the [IRS] 'is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail.'" *Smith v. Comm'r*, 275 F.3d 912, 914 (10th Cir. 2001) (quoting 26 U.S.C. § 6212(a)). A taxpayer who

---

*Prince v. Philpot*, 420 F.3d 1158, 1163-67 (10th Cir. 2005). But this rule does not help Mabbett. Mabbett's petition was postmarked May 14, 2014. As we will explain, Mabbett's petition was due May 12, 2014. Thus, even under the "mailbox rule," her petition is two days late.

disagrees with the deficiency has two options: (1) pay the amount assessed and then sue for a refund in the federal district court under 26 U.S.C. § 7422 or (2) refuse to pay the tax and file a petition in the Tax Court for a redetermination of the deficiency under 26 U.S.C. § 6213(a). *Armstrong v. Comm'r*, 15 F.3d 970, 973 n.2 (10th Cir. 1994). If she chooses to file a petition for redetermination, she has 90 days after the mailing of the deficiency notice in which to do so. 26 U.S.C. § 6213(a). This time period is extended to 150 days "if the notice is addressed to a person outside the United States." *Id.* "If the taxpayer fails to file a petition within this . . . period, the Tax Court lacks jurisdiction to entertain the case."[5] *Armstrong*, 15 F.3d at 973 n.2; *see also Foster v. Comm'r*, 445 F.2d 799, 800 (10th Cir. 1971).

Mabbett challenges the Tax Court's refusal to hear her untimely petition. Her main complaint is that she never received the notices because she was traveling at the time they were delivered. But nothing in § 6212 requires actual receipt. Rather, when the deficiency relates to income taxes, the notice will be deemed "sufficient" if it is mailed to the taxpayer's "last known address." 26 U.S.C. § 6212(b)(1); *see also Armstrong*, 15 F.3d at 973 ("A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's 'last known address.'"); *Guthrie v. Sawyer,* 970 F.2d 733, 737 (10th Cir. 1992) ("The IRS satisfies its obligation to mail a notice of

---

[5] Not only does the Tax Court lose its jurisdiction to review the deficiency, an untimely petition for redetermination authorizes the IRS to assess the deficiency against the taxpayer and demand payment. 26 U.S.C. § 6213(c). If the taxpayer does not pay, then a lien arises in favor of the United States on the taxpayer's real and personal property. 26 U.S.C. § 6321.

deficiency if the notice is sent to the taxpayer's last known address, even if the taxpayer does not actually receive the notice."). Generally, "a taxpayer's last known address is the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the [IRS] is given clear and concise notification of a different address." 26 C.F.R. § 301.6212-2(a). The last known address rule "gives the IRS a safe harbor by permitting constructive notice where, for instance, the taxpayer has failed to inform the [IRS] of a change of address. Congress was concerned that requiring actual notice in such cases would impose an almost impossible burden on the IRS to keep track of every taxpayer's whereabouts." *Gyorgy v. Comm'r*, 779 F.3d 466, 473 (7th Cir. 2015) (citation and quotations omitted).

Mabbett's opening brief does not claim the Encinitas, California address was not her "last known address" in February 2014. Indeed, it was the address she listed on her most recently filed federal tax return and was also the address she listed on her petition for redetermination filed with the Tax Court in May 2014. She asserted to the Tax Court that the IRS knew she spent the spring working at her resort in Colorado, *see supra* n.2, but does not reiterate this argument on appeal, probably because the IRS sent the notice to two Colorado addresses as well. But she is resourceful.

In response to a Rule 28(j) letter filed by the IRS in this appeal, she conveniently says—for the first time—her permanent address is in Valley Center, California, as evidenced by her 2009 and 2010 tax returns. This argument "comes far too late in the day." *See Niemi v. Lasshofer*, 728 F.3d 1252, 1262 (10th Cir. 2013) ("While we will consider jurisdictional problems whenever they appear, we generally refuse to consider

any other new issue introduced for the first time in a reply brief, let alone in a Rule 28(j) letter."). Even were we to consider it, Mabbett's proof is lacking. Attached to her response is a single page exhibit purporting to show amended tax returns for 2009 and 2010. But neither amended return contains a filing date. Thus, she has utterly failed to establish that these amended tax returns were filed after her 2011 return, thereby supplanting her use of the Encinitas, California address in 2013, when her 2011 return was filed, *see supra* n.1. And there is more.

Mabbett did receive a copy of the notice, albeit from Salewski, not the IRS. That notice was sent on March 13, 2014, sixty days before her petition was due in the Tax Court. Sixty days is ample time to prepare and file a petition for redetermination. *C.f. Scheidt v. Comm'r*, 967 F.2d 1448 (10th Cir. 1992) (holding "a notice of deficiency that is actually received without delay prejudicial to the taxpayer's ability to petition the Tax Court is sufficient to toll the statute of limitations [applicable to the IRS's ability to make a tax assessment] as of the date of mailing"; taxpayers' receipt of deficiency notice 63 days before they were required to file petition for redetermination did not prejudice their ability to file a timely petition).

Mabbett also claims to be entitled to 150 days within which to file her petition under 26 U.S.C. § 6213(a) because she is a Canadian citizen. But under the plain terms of the statute, the 150-day rule only applies when "the notice is addressed to a person outside the United States." 26 U.S.C. § 6213(a). The Tax Court gave Mabbett the opportunity to show she was outside the United States at the time the notice was sent, but she failed to do so. Her Canadian citizenship alone is insufficient to extend the filing

- 7 -

deadline.

Mabbett also attacks the process the IRS utilizes in issuing notices of deficiency. She claims the use of certified mail prejudices taxpayers traveling away from their residence more than 30 days because the United States Postal Service returns unclaimed certified mail after 30 days. Her solution—the IRS should send notices via certified mail with a copy sent via regular mail service. But Congress, not the IRS, authorized the use of certified (or registered) mail. And its choice of certified mail as a means to provide notice is a reasonable one. As the Fifth Circuit explained:

> The statutory scheme . . . provides a method of notification [certified or registered mail to the taxpayer's last known address] which insures that the vast majority of taxpayers will be informed that a tax deficiency has been determined against them without imposing on the Commissioner the virtually impossible task of proving that the notice actually has been received by the taxpayer.

*Jones v. United States*, 889 F.2d 1448, 1450 (5th Cir. 1989); *see also Cohen v. United States*, 297 F.2d 760, 772 (9th Cir. 1962) ("We think it clear that the Congress, when it authorized service by registered mail, did not intend to require actual receipt by the addressee of the letter. Rather, it permitted the use of a method of giving notice that would ordinarily result in such receipt.") (quotations omitted). Moreover, certified mail, although not "the fastest form of mail," was designed to provide the sender "proof" of delivery. *See* http://www.certified-mail-envelopes.com/faqs/ (last visited April 29, 2015). Thus, it is a logical choice for the mailing of deficiency notices because it gives the IRS a means to prove the notices were in fact mailed, an often contested issue, as this case demonstrates. Additionally, Mabbett's argument completely ignores her personal

- 8 -

responsibility to ensure she was made aware of important mail she might receive while traveling for an extended time.

Still unsatisfied, Mabbett claims the IRS did not provide bona fide proof of mailing of the notice because the documents attached to the motion to dismiss were not properly authenticated. Although we have yet to address the issue, several circuits have held that if the IRS establishes a notice of deficiency existed and produces a properly completed certified mail log (Postal Service Form 3877 or PS Form 3877), it is entitled to a presumption that the notice was in fact mailed. *See, e.g., Welch v. United States*, 678 F.3d 1371, 1378 (Fed. Cir. 2012); *O'Rourke v. United States*, 587 F.3d 537, 540 (2d Cir. 2009). In this case, the IRS produced a copy of the deficiency notice sent to the California address as well as copies of the notices sent to the two Colorado addresses. Each notice is imprinted with a tracking number. The IRS also produced a PS Form 3877 showing notices of deficiency were sent to Mabbett at each of the three addresses and listing the same tracking numbers imprinted on the notices. The form is date-stamped February 10, 2014, and bears the signature of the postal service employee receiving the certified mail. This evidence is sufficient to trigger the presumption of mailing. And, since Mabbett has produced no contrary evidence, the presumption prevails.

Finally, Mabbett claims her untimely filing should be excused because she acted in "good faith" and was only late by two days which is not "egregious."[6]

---

[6] The petition was two days late considering its postmark date (May 14, 2014); it was seven days late considering its filing date (May 19, 2014).

(Appellant/Petitioner's Op. Br. at 6.)  But the 90-day time limit imposed by 26 U.S.C. §

6213 is jurisdictional, not subject to waiver.  *See Armstrong*, 15 F.3d at 973 n.2; *see also*

*Foster*, 445 F.2d at 800.  Equitable considerations are therefore irrelevant to the inquiry.

*See United States v. Kwai Fun Wong*, --- U.S. ---, Nos. 13-1074, 13-1075, 2015 WL

1808750, at *5 (Apr. 22, 2015) (stating equitable considerations, including equitable

tolling, do not apply to jurisdictional time limits);[7] *see also Alva v. Teen Help*, 469 F.3d

---

[7] In *Kwai Fun Wong*, the Supreme Court addressed 28 U.S.C. § 2401(b) of the Federal Tort Claims Act (FTCA) which requires a plaintiff to present a tort claim to the appropriate federal agency within 2 years after such claim accrues and to a federal court within 6 months after the federal agency acts on the claim.  2015 WL 1808750, at *3.  If he fails to do so, the claim "shall be forever barred."  28 U.S.C. § 2401(b).  The Court concluded § 2401(b)'s time limits were nonjurisdictional and subject to equitable tolling. It reasoned:

> In enacting the FTCA, Congress . . . provided no clear statement indicating that § 2401(b) is the rare statute of limitations that can deprive a court of jurisdiction. Neither the text nor the context nor the legislative history indicates (much less does so plainly) that Congress meant to enact something other than a standard time bar.
>
> Most important, § 2401(b)'s text speaks only to a claim's timeliness, not to a court's power . . . .

2015 WL 1808750, at *5-6.  In contrast, 26 U.S.C. § 6213(a) does provide a clear statement indicating Congress's intent to make its time limits jurisdictional and does speak to the Tax Court's "jurisdiction" to decide petitions for redetermination.  It states:

> Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.  Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of

(Continued . . .)

946, 948-50 (10th Cir. 2006) (notice of appeal in civil case filed six minutes late according to court's file stamp deprived the appellate court of jurisdiction). That is not to say, however, that Mabbett is without a remedy. She can pay the deficiency and sue for a refund under 26 U.S.C. § 7422. *Armstrong*, 15 F.3d at 973 n.2.

**AFFIRMED.** In light of our resolution of this appeal, we **DENY** Mabbett's motion for leave to file documents electronically.

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge

---

the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. *The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.* Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.

26 U.S.C. § 213(a) (emphasis added).