T.C. Memo. 2019-164

UNITED STATES TAX COURT

WILLIAM J. JAXTHEIMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11061-17L.                    Filed December 16, 2019.

William J. Jaxtheimer, pro se.

<u>Sheida Lahabi</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  This case was commenced in response to a Notice of
Determination Concerning Collection Action(s) Under Section 6320 and/or 6330
of the Internal Revenue Code (notice of determination), sustaining the Internal
Revenue Service's (IRS) filing of a notice of federal tax lien (NFTL) to secure

**[\*2]** petitioner's unpaid Federal income tax liabilities for 2006, 2007, and 2008 and frivolous return penalties under section 6702(a) for 2013.[1]

The issues for decision are whether: (1) petitioner may challenge his underlying tax liabilities for 2006, 2007, and 2008, and the section 6702(a) frivolous return penalties assessed for 2013, (2) petitioner owes any of those liabilities (if he may challenge them before this Court), and (3) Settlement Officer Linda L. Andrews (SO Andrews) abused her discretion in sustaining the filing of the NFTL regarding petitioner's unpaid tax liabilities for 2006, 2007, and 2008 and section 6702(a) frivolous return penalties for 2013. For the reasons discussed below we conclude that (1) petitioner may not challenge the underlying tax liabilities for 2006, 2007, and 2008, (2) petitioner may challenge the section 6702(a) frivolous return penalties assessed for 2013, (3) petitioner is liable for only one of the section 6702(a) frivolous return penalties assessed for 2013, and (4) SO Andrews did not abuse her discretion in determining to sustain the filing of the NFTL, except as to two of the section 6702(a) penalties.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 (Code), as amended and in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                              FINDINGS OF FACT

Petitioner refused to stipulate any facts in this case. At trial respondent moved to enter into evidence a declaration of SO Andrews and two attached exhibits: the notice of determination and the administrative record that SO Andrews relied upon in reaching her determination. Petitioner objected to the admission of this evidence, but we understood his objection to be substantive. These documents are records kept in the ordinary course of business activity and are authenticated by the declaration. We therefore will admit the notice of determination and the administrative record into evidence, as well as the declaration for purposes of authentication. See Fed. R. Evid. 803(6), 902(11).

Petitioner resided in Colorado when he timely filed his petition. He failed to file Forms 1040, U.S. Individual Income Tax Return, for 2006, 2007, and 2008 when due.[2] The IRS therefore prepared substitutes for returns, and on September 20, 2010, issued separate statutory notices of deficiency for 2006, 2007, and 2008.

Petitioner filed tax returns for 2013 three different times, reporting that he had zero wages and owed zero tax, and attached documents that purported to

---

[2] Petitioner claims that he previously filed returns that were rejected by the IRS as improper and then filed original returns in 2019 to show he was not a taxpayer. We need not accept his statements because they are irrelevant to our analysis below.

**[*4]** "correct" third-party information reporting to the contrary. The IRS determined that these returns were frivolous and completed three Forms 8278, Assessment and Abatement of Miscellaneous Civil Penalties (one for each return). All three Forms 8278 were completed by a Mrs. Ranson on September 25, 2014, and listed "Argument Code: 44". The box beside "section 6702(a)" and "Frivolous tax return - Form 1040" was marked; one violation was listed; and the amount assessed was $5,000. On each of the three forms a different date was added to the box "Frivolous tax return - Form 1040". "Dated 4-15-14" was added to the form that listed "Signature Date 4-14-14". Two forms listed "Signature Date 6-30-14"; the "dated 7-5-14" was added to the first and "dated 7-10-14" was added to the second. All three forms were signed on October 1, 2014, by Mrs. Ranson's manager, Rochelle Nichols. On October 27, 2014, the IRS assessed a section 6702(a) penalty of $5,000 for each return, $15,000 in the aggregate for 2013.

On June 14, 2016, the IRS filed an NFTL and sent to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, notifying petitioner that respondent had filed a notice of a lien to secure the tax liabilities for 2006, 2007, 2008, and 2013. Petitioner submitted a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing. On an attachment to the

**[\*5]** Form 12153 petitioner indicated that he wished to contest his underlying liability for the section 6702(a) frivolous return penalties assessed for 2013 and challenge the appropriateness of the collection action. He did not request any collection alternative on the Form 12153.

From late September through December 2016 petitioner and the IRS Office of Appeals (Appeals Office) exchanged letters concerning scheduling and logistics for petitioner's administrative hearing. SO Andrews and petitioner agreed to have a face-to-face hearing on March 22, 2017. Before the hearing the Appeals Office advised petitioner multiple times that the assessments for 2006, 2007, and 2008 were based on substitutes for returns and that he should file original Forms 1040 for those years if he disagreed with the assessments and wished to challenge the underlying tax liabilities. Also before the hearing SO Andrews provided petitioner copies of the substitutes for returns, a copy of the certified mailing list that showed the dates that the IRS issued statutory notices of deficiency along with the addresses the IRS used, and other documents in the administrative record. The dates and addresses on the certified mailing list match those on the statutory notices of deficiency.

On March 22, 2017, petitioner did not show up for the scheduled face-to-face hearing, but petitioner, SO Andrews, and SO Colleen Girard held a telephone

[*6] hearing instead. Petitioner did not provide Form 1040 for 2006, 2007, or 2008 before or during the hearing. Petitioner did not provide any other information during the hearing regarding his tax liabilities for those years. He stated that he disagreed with the assessments for those years because the statutory notices of deficiency were mailed to an old address. SO Andrews explained that the IRS sends statutory notices of deficiency to the last known address of the taxpayer, and explained what that term means. Petitioner did not request any collection alternatives or provide any financial information. He did not articulate any reason as to why a Federal tax lien was overly intrusive.

On April 13, 2017, the Appeals Office issued to petitioner a notice of determination sustaining the filing of the NFTL. The notice of determination stated that petitioner had not properly challenged the tax and penalty assessments and that the Appeals Office determined that the underlying tax liabilities were properly assessed. It also included a "Balancing Analysis" that explained why the collection action balanced the efficient collection of taxes with petitioner's concern that the collection action be no more intrusive than necessary.

At trial respondent orally moved the Court to award section 6673 penalties, arguing that petitioner instituted this proceeding primarily for the purpose of delay and that petitioner's positions are frivolous or groundless.

**[\*7]**                                        OPINION

I.  <u>Jurisdiction</u>

Shortly before trial petitioner filed a motion to dismiss, arguing that this Court does not have subject matter jurisdiction to hear this case.  It is well settled that this Court can proceed only if it has jurisdiction and that any party can question jurisdiction at any time.  Romann v. Commissioner, 111 T.C. 273, 280 (1998).  This is a Court of limited jurisdiction; we exercise our jurisdiction only as explicitly authorized by statute.  See Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  We have jurisdiction to review the Commissioner's determination to proceed with a collection action, including review of the Commissioner's determinations to collect a section 6702(a) frivolous return penalty.  See sec. 6330(d)(1); Callahan v. Commissioner, 130 T.C. 44, 48-49 (2008).  And our jurisdiction can include a review of the underlying liability for a section 6702(a) frivolous return penalty, if otherwise appropriate.  See Callahan v. Commissioner, 130 T.C. at 49.

Petitioner does not dispute that respondent issued a valid notice of determination to proceed with the collection action and that petitioner timely filed a petition for review of that determination.  Instead he makes a series of frivolous legal arguments, all of which we reject.  See Crain v. Commissioner, 737 F.2d

[*8] 1417 (5th Cir. 1984); Wnuck v. Commissioner, 136 T.C. 498, 510-512 (2011) (noting that addressing frivolous arguments wastes time and resources and delays the assessment of tax). Because petitioner properly invoked our jurisdiction we will deny his motion to dismiss.

II. Standard of Review

If the underlying liability is properly at issue, the Court reviews any determination regarding that liability de novo; the Court reviews all other administrative matters for abuse of discretion. Davis v. Commissioner, 115 T.C. 35, 39 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

III. Whether Petitioner May Challenge the Underlying Tax Liabilities

Petitioner argues that he is not liable for the tax assessed for 2006, 2007, and 2008 or for the section 6702(a) frivolous return penalties assessed for 2013. We first consider whether petitioner can challenge these underlying liabilities before this Court.

A taxpayer may challenge his underlying tax liability during an administrative hearing if he did not receive a statutory notice of deficiency or did not otherwise have a prior opportunity to dispute the underlying tax liability. See sec. 6330(c)(2)(B). The phrase "underlying tax liability" includes the tax

**[*9]** deficiency, any penalties and additions to tax, and statutory interest. <u>Katz v. Commissioner</u>, 115 T.C. 329, 338-339 (2000).

This Court considers a taxpayer's challenge to his underlying tax liability in a collection action case only if he properly raised that challenge at his administrative hearing. <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 114-116 (2007); <u>see</u> sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by the settlement officer or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. <u>See</u> sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; <u>see also</u> <u>Giamelli v. Commissioner</u>, 129 T.C. at 115-116; <u>McRae v. Commissioner</u>, T.C. Memo. 2015-132, at *8-*9 (holding that the taxpayer failed explicitly to contest his underlying liability during the administrative hearing and failed to provide any evidence concerning his liability); <u>Zook v. Commissioner</u>, T.C. Memo. 2013-128, at *6-*7 (holding that the taxpayer failed to raise her underlying liabilities properly when she failed to provide any documentation of the underlying liabilities and asserted frivolous arguments).

**[*10]** A. <u>Underlying Tax Liabilities for 2006, 2007, and 2008</u>

Respondent issued statutory notices of deficiency for 2006, 2007, and 2008, and petitioner did not contest those tax deficiencies before assessment. Nonetheless, SO Andrews gave him the opportunity to provide original tax returns for 2006, 2007, and 2008 to address disputes he had with the underlying tax liabilities. Despite repeated requests, petitioner failed to file returns or provide any evidence of his tax items to the Appeals Office within a reasonable time. Instead, he offered only frivolous arguments about why he was not subject to tax.

As we have said before, again and again, "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d at 1417. Simply put, petitioner is subject to the income tax laws. <u>See</u> secs. 1, 61, 63. None of petitioner's arguments absolve him of his obligations under the Code.

We hold that petitioner did not properly raise the issue of his underlying tax liabilities for 2006, 2007, and 2008 during his administrative hearing. Therefore, we do not consider those underlying tax liabilities. <u>See</u> <u>Giamelli v. Commissioner</u>, 129 T.C. at 115.

**[*11]** B. <u>Underlying Liability for 2013 Section 6702(a) Penalties</u>

We now turn to whether petitioner may challenge his liability for the section 6702(a) frivolous return penalties assessed for 2013. Because these are assessable penalties, petitioner was not given an opportunity to challenge them before assessment. <u>See</u> sec. 6703(b). Petitioner contested his liability for these section 6702(a) frivolous return penalties in his Form 12153 and disputed during his administrative hearing that he had taken frivolous positions in the returns he filed for 2013. Therefore, petitioner may challenge, and we may consider, petitioner's liability for the section 6702(a) frivolous return penalties assessed for 2013. <u>See</u> <u>Callahan v. Commissioner</u>, 130 T.C. at 50 ("As petitioners have not otherwise had an opportunity to dispute the imposition of the frivolous return penalties, they may contest the penalties both at their section 6330 hearing and before this Court."); <u>see also</u> <u>Shirley v. Commissioner</u>, T.C. Memo. 2014-10, at *14-*17 (holding that the Court could consider the taxpayer's liability for a section 6702(a) penalty de novo for 2001, but that the Court could not consider underlying tax liability for 2003 because a notice of deficiency was issued and the taxpayer failed to properly raise the issue in his administrative hearing because he failed to present any evidence regarding liability to the settlement officer after being given a reasonable time).

**[*12]** IV.  Whether Petitioner Is Liable for Section 6702(a) Penalties

A taxpayer is liable for a $5,000 frivolous return penalty under section 6702(a) if three requirements are met.  First, the taxpayer must file a document that purports to be an income tax return.  Sec. 6702(a)(1).  Second, the purported return must either omit information on which the substantial correctness of the self-assessment may be judged or contain information that on its face indicates that the self-assessment is substantially incorrect.  Id.  And third, the defect must be based on a position that the Secretary has identified as frivolous or reflect a desire (which appears on the purported return) to delay or impede the administration of Federal tax laws.  Sec. 6702(a)(2).  The Secretary has prescribed a list of positions which the Secretary has identified as frivolous for purposes of section 6702(a)(2).  See sec. 6702(c); Notice 2010-33, 2010-17 I.R.B. 609.  The list includes arguments that compliance with internal revenue laws is voluntary or optional and not required by law, such as arguments that the taxpayer may file a return reporting zero income and zero tax liability even if the taxpayer received income during the period for which the return is filed.  See Notice 2010-33, supra.

The Secretary bears the burden of production and the burden of proof regarding a taxpayer's liability for a section 6702(a) frivolous return penalty.  See secs. 6703(a), 7491(c).  The Secretary's burden of production includes showing

**[*13]** compliance with the supervisory approval requirement of section 6751(b)(1), which requires that the initial determination to assess certain penalties be "personally approved (in writing) by the immediate supervisor of the individual making such determination". See Kestin v. Commissioner, 153 T.C. ___, ___ (slip op. at 24-25) (Aug. 29, 2019); Graev v. Commissioner, 149 T.C. 485, 492-493 (2017), supplementing and overruling in part 147 T.C. 460 (2016).

Respondent asserts that petitioner filed three "zero returns" in 2014 for the 2013 tax year. Generally we look to the face of the documents to determine whether a taxpayer is liable for a frivolous return penalty as a matter of law. See Callahan v. Commissioner, 130 T.C. at 51. The record does not include the documents at issue, but it does include three Forms 8278 for the frivolous return penalties, each of which states "Argument Code: 44" in the "remarks" section, indicating that the IRS assessed these penalties because petitioner filed returns for 2013 reporting zero income despite third-party information reporting to the

[*14] contrary.  See Internal Revenue Manual pt. 4.10.12.1.1 (Sept. 5, 2014).[3]

And in his motion to dismiss petitioner admits to doing just that, stating:

> The documents filed under penalty of perjury with the Respondent for
> each of the years at issue were to correct information in the system of
> records maintained by the Respondent erroneously populated by
> third-party information providers and even populated by the
> Petitioner himself upon the propaganda promulgated by the
> Respondent.
>
> *     *     *     *     *     *     *
>
> The Respondent tampered with Petitioner's testimony by refusing to
> perform his duty to file documents under guise of being frivolous and
> applying a penalty under * * * [section 6702(a)].
>
> *     *     *     *     *     *     *
>
> The Petitioner's filed documents assess all of federal liability to
> return a federal Direct tax on his property under Subtitle A of the IRC
> as a non-taxpayer at zero dollars and corrected third party information

---

[3] This part, Internal Revenue Manual pt. 4.10.12.1.1 (Sept. 5, 2014),
includes a nonexhaustive list of frivolous arguments, including:

44. Zero Wages on a Substitute Form:  Taxpayer generally attaches
either a substitute Form W-2, Form 1099, or Form 4852 that shows
"$0" wages or no wage information. A statement may be included
indicating the taxpayer is rebutting information submitted to the IRS
by the payer. Entries are usually for Federal Income Tax Withheld,
Social Security Tax Withheld, and/or Medicare Tax Withheld. An
explanation on the Form 4852 may cite "statutory language behind
IRC 3401 and IRC 3121", or may include some reference to the
company refusing to issue a corrected Form W-2 for fear of IRS
retaliation.

- 15 -

[*15] returns purporting that the Petitioner received income subject to reporting thereof to the Respondent.

We find that his statements and the Forms 8278 together are sufficient to establish that petitioner filed at least one purported tax return for 2013 that showed on its face that his self-assessments were substantially incorrect. Petitioner has admitted as much, stating to the Court that his filings asserted that he had zero income and owed zero Federal tax while attached documents purported to "correct" third-party information reporting to the contrary.[4] The Secretary has identified this position as frivolous. See Notice 2010-33, supra. And this Court has repeatedly characterized returns reflecting zero income and zero tax as frivolous. See Grunsted v. Commissioner, 136 T.C. 455, 460 (2011); Blaga v. Commissioner, T.C. Memo. 2010-170. Therefore, we hold that petitioner is liable under section 6702(a) for one frivolous return penalty assessed for 2013.

However, on the record before us we cannot determine whether petitioner filed three separate frivolous returns rather than one frivolous return and two copies. See Kestin v. Commissioner, 153 T.C. at ___ (slip op. at 19-24) (holding

---

[4] In Martens v. Commissioner, T.C. Memo. 2015-213, by contrast, the Commissioner failed to produce a copy of the taxpayer's return that was at issue or any other documents that proved by a preponderance of the evidence that the taxpayer filed a document purporting to be a tax return so we rejected the sec. 6702 penalty determination.

[*16] that plainly marked photocopies of returns attached to the taxpayer's letters did not purport to be tax returns and therefore were not subject to the section 6702(a) penalty). Two of the Forms 8278 list the same signature date calling into question whether those were duplicate filings. And petitioner's statements to the Court do not acknowledge three separate submissions. Without the documents themselves we cannot conclude that the two additional section 6702(a) penalties are appropriate.

As to the section 6702(a) penalty that we uphold, we also conclude that respondent has met his burden of production under section 7491(c) to show compliance with the supervisory approval requirement of section 6751(b)(1). The Forms 8278 evince timely supervisory approval for each of the frivolous return penalties assessed. See Kestin v. Commissioner, 153 T.C. at ___ (slip op. at 7, 26) (holding that section 6751(b)(1) supervisory approval requirement was satisfied where Form 8278 recommending section 6702 penalty was prepared by an examining agent and then signed by the immediate supervisor before assessment).

V. Collection Action

In an administrative hearing concerning a Federal tax lien, the settlement officer must verify that the requirements of any applicable law or administrative procedure have been met, consider issues properly raised by the taxpayer, and

[*17] consider whether the proposed collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. See secs. 6320(b) and (c), 6330(b), (c)(3). The taxpayer bears the burden of proving that the settlement officer's determinations were arbitrary, capricious, or without sound basis in fact or law. Rule 142(a); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

At trial petitioner stated that "administratively * * * [the administrative hearing] went the way it should go". However, he also made arguments--during his administrative hearing, at trial, and in his motion to dismiss--concerning whether SO Andrews obtained verification that the requirements of applicable law and administrative procedure had been met. See sec. 6330(c)(1). Many of those arguments are similar or identical to the frivolous arguments we rejected above, but one argument merits brief discussion.

Petitioner argued that he never received the notices of deficiency for 2006, 2007, and 2008 because respondent sent them to an old address. As part of the settlement officer's determination, she must verify that a valid notice of deficiency was issued to the taxpayer at the taxpayer's last known address. See sec. 6330(c)(1); Jordan v. Commissioner, 134 T.C. 1, 12 (2010), supplemented by T.C. Memo. 2011-243; Hoyle v. Commissioner, 131 T.C. 197, 200 (2008),

**[\*18]** <u>supplemented by</u> 136 T.C. 463 (2011). And if the notice is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is not necessary; the notice is valid. <u>See, e.g.</u>, <u>Mabbett v. Commissioner</u>, 610 F. App'x 760, 763 (10th Cir. 2015).[5]

It is the taxpayer's responsibility to provide the IRS clear and concise notification of any change in address. <u>See</u> sec. 301.6212-2(a), Proced. & Admin. Regs. The taxpayer's "last known address" is the address on the taxpayer's most recently filed and properly processed return unless the IRS has been given "clear and concise notification" of a different address. <u>Id.</u> The taxpayer may submit a change of address by indicating a new address on his next return, by filing a written or electronic notice of change of address with the IRS, or by providing an updated address to the U.S. Postal Service for inclusion in its National Change of Address database. <u>Id.</u> paras. (a) and (b). The taxpayer has the burden of proving that a notice of deficiency was not sent to his last known address. <u>Yusko v. Commissioner</u>, 89 T.C. 806, 808 (1987).

---

[5] Whether petitioner actually received the notices of deficiency would be relevant if there was a dispute as to whether petitioner was entitled to challenge his underlying tax liabilities for 2006, 2007, and 2008 during his administrative hearing. But as discussed above the Appeals Office gave petitioner an opportunity to properly raise the issue during his administrative hearing, and petitioner failed to do so. So actual receipt is irrelevant in this case.

[*19] The administrative record includes copies of the statutory notices of deficiency as well as a certified mailing list showing mailing to the address on the notices. Petitioner did not dispute that the statutory notices of deficiency for 2006, 2007, and 2008 were mailed to that address, or that he previously lived there; he asserted only that he had moved several years before the notices were mailed. Petitioner did not file Forms 1040 for 2006, 2007, and 2008, and he did not allege that some prior Form 1040 indicated that his address had changed. Neither did he claim that he had provided the IRS with a clear and concise notification of his change of address after moving and before the notices of deficiency were issued. Instead, he argued that third-party information returns were sent to the IRS for these years, containing his then-current address, which should have put the IRS on notice that he had moved. But information he may have provided to third parties is insufficient to change his last known address. See sec. 301.6212-2(b)(1), Proced. & Admin. Regs. (providing that change of address information that a taxpayer provides to third-party payors is not clear and concise notification of a different address for purposes of determining a taxpayer's last known address). Petitioner has not met his burden of showing that the statutory notices of deficiency were not mailed to his last known address. Therefore, we hold that SO Andrews was justified in concluding that the statutory notices of deficiency were

[*20] sent to petitioner's last known address and were accordingly valid. Our review of the entire administrative record reveals no abuse of discretion by SO Andrews.

## VI. Section 6673 Penalty

Finally, we warned petitioner at trial that section 6673 authorizes the Court to impose a penalty of up to $25,000 for frivolous and groundless arguments or whenever it appears to the Court that "proceedings before * * * [us] have been instituted or maintained by the taxpayer primarily for delay". Sec. 6673(a)(1)(A). That appears to us to be the case here; but since this is petitioner's first case before this Court, we will not impose the section 6673 penalty. However, we warn petitioner that he may expect a penalty in the future if he persists in maintaining frivolous and meritless positions or uses the Court primarily for delay, despite our warning. Accordingly, we will deny respondent's motion to impose a section 6673 penalty.

## Conclusion

We find that petitioner is liable for one of the three section 6702(a) frivolous return penalties assessed for 2013. After review of the entire administrative record, we conclude that SO Andrews satisfied the verification requirements of section 6330 and did not abuse her discretion in determining to

**[*21]** sustain the filing of the NFTL as to the tax liabilities for 2006, 2007, and 2008 and one section 6702(a) penalty for 2013; but we do not sustain her determination concerning the collection action with respect to the two additional section 6702(a) penalties for 2013. Any contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered</u>.