**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ARTURO ANAYA,

    Petitioner - Appellant,

v.

TIMOTHY HATCH; ATTORNEY
GENERAL OF THE STATE OF NEW
MEXICO,

    Respondents - Appellees.

No. 18-2157
(D.C. No. 1:16-CV-00331-MV-SMV)
(D.N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.
_____

Before the court is Arturo Anaya's application for a certificate of appealability

(COA), motion for leave to proceed *in forma pauperis* (IFP), and motion to appoint

counsel. The district court denied his 28 U.S.C. § 2254 petition and his initial

application for a COA, as well as his IFP motion and motion to appoint counsel.

Anaya now appeals these rulings, *pro se*. Before Anaya's appeal may proceed,

however, he must obtain a COA from this court. 28 U.S.C. § 2253(c)(1)(B). We will

issue a COA only where "the applicant has made a substantial showing of the denial

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Anaya has failed to make this showing, we must deny the COA.

In 2013, a New Mexico court sentenced Anaya to life imprisonment after a jury found him guilty of two counts of first-degree murder, one count of aggravated burglary, and two counts of intimidation of a witness. About three years later, Anaya filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, asserting various grounds of relief, including self-defense, ineffective assistance of counsel, and cumulative errors. The magistrate judge filed a report concluding that many of Anaya's claims needed to be exhausted in state court before a federal court could consider them, and recommending that the district court allow him to withdraw those unexhausted claims. Anaya objected to the report and refused to withdraw any claims. On November 6, 2017, the district court overruled Anaya's objections, adopted the magistrate judge's findings, and, because Anaya refused to withdraw his unexhausted claims, dismissed the entire petition without prejudice. The district court also denied Anaya a certificate of appealability. Anaya filed a motion for reconsideration, which the district court denied on February 23, 2018. Anaya had until Monday, March 26, 2018 to appeal the dismissal of his § 2254 petition, but he failed to do so. Fed. R. App. P. 4(a)(4)(A).

Then, on July 31, 2018, Anaya moved to reopen the case, claiming to have discovered new evidence, and on August 17, 2018 he moved for a new trial. The district court denied both motions. *Id.* at 295–96. On August 29, 2018, Anaya filed a motion to clarify the denial of his petition, and on September 5, 2018, he moved for reconsideration of the court's November 2017 judgment dismissing the petition. In a minute order entered on October 11, 2018, the district court denied both motions. Anaya then filed a notice of appeal on October 19, 2018. Thereafter, the district court denied Anaya's motion for leave to proceed IFP.

Anaya has not identified which order he is appealing, but Anaya's notice of appeal is timely only for the order denying the motion to reopen and motion for a new trial (entered on August 21, 2018) and the order denying the motion to clarify and motion for reconsideration (entered on October 11, 2018). Fed. R. App. P. 4(a)(4)(A). Because Rule 4's time limit is jurisdictional, we lack jurisdiction to consider an appeal of any issues that fall outside the scope of those orders. 28 U.S.C. § 2107(a); *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012); *Alva v. Teen Help*, 469 F.3d 946, 950–51 (10th Cir. 2006). We note that Anaya's appellate brief seeks to relitigate the merits of his § 2254 petition, rather than the issues presented in the orders over which we have jurisdiction. Although we liberally construe the filings of *pro se* litigants, *White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996), Anaya cannot circumvent mandatory time limits. The time period to appeal the dismissal of his petition elapsed on March 26, 2018, a fact that no reasonable jurist would find debatable. *See Slack*, 529 U.S. at 484.

3

In sum, because Anaya has failed to make "a substantial showing of the denial of a constitutional right," we must deny his application for a certificate of appealability.[1] *See* 28 U.S.C. § 2253(c)(2). We also deny his motion to proceed *in forma pauperis*. The district court certified in writing that Anaya's appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Like the district court, we conclude that his appeal is "not taken in good faith and that [he] has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *See Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007); *see also* Fed. R. App. P. 24(a)(5). Finally, because he has failed to show that this is an "extreme case[] where the lack of counsel results in fundamental unfairness," we deny Anaya's motion for the appointment of counsel. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[1] Because the district court dismissed his petition without prejudice, Anaya may return to federal court once he has exhausted his state remedies. *See* R. vol. 1 at 270; *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).