**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTHONY D. WILLIAMS,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA;
KRISTINE AULEPP, MD,DO, Clinical
Director for the BOP, USP-Leavenworth,
in her individual and official capacity;
JUSTIN BLEVINS, Health Service
Administrator, USP-Leavenworth, in his
individual and official capacity;
SHANNON PHELPS, Associate Warden,
USP-Leavenworth, in his individual and
official capacity; JOHN JOHNSON, Unit
manager, USP-Leavenworth, in his
individual and official capacity;
MICHAEL MANLEY, Food Service
Official, USP-Leavenworth, in his
individual and official capacity; SCOTT
STANLEY, Food Service Administrator,
USP-Leavenworth, in his individual and
official capacity; CAROL WITT,
Correctional Officer, USP-Leavenworth, in
her individual and official capacity;
JARAD HERBIG, Special Investigative
Services, USP-Leavenworth, in his
individual and official capacity; GLENNA
CREWS, Disciplinary Hearing Officer,
USP-Leavenworth, in his individual and
official Capacity; CLAUDE MAYE, CEO,
Warden, USP-Leavenworth, in his
individual and official capacity; BUREAU
OF PRISONS; PAUL LEONHARD,
Special Investigation Service, USP-
Leavenworth, in his individual and official
capacity,

No. 19-3047
(D.C. No. 5:16-CV-03044-JWB-JPO)
(D. Kan.)

Defendants - Appellees,

and

(FNU) CLARK, USP-Leavenworth, in his individual and official capacity; LORETTA E. LYNCH, Attorney General, in her individual and official capacity; CHARLES E. SAMUELS, Director of the Federal Bureau of Prisons, in his individual and official capacity; I. CONNORS, National Inmate Administrator, USP-Leavenworth, in his individual and official capacity; JOHN/JANE DOES, Unit Team or Other, in their individual and official capacities,

Defendants.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Anthony D. Williams, a federal prisoner proceeding pro se,[1] seeks to appeal

from the district court's November 2018 judgment in favor of the United States and

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Williams is representing himself, we construe his pleadings liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2

numerous federal prison employees in his civil suit. Contending he failed to file a timely notice of appeal as to that judgment, the appellees move the court to dismiss the appeal. We agree with the appellees and grant the motion to dismiss.

A timely notice of appeal is a jurisdictional requirement in a civil case. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007). Because it is a matter of jurisdiction, the requirement cannot be forfeited or waived. *See id.*; *Alva v. Teen Help*, 469 F.3d 946, 950 (10th Cir. 2006).

The district court entered judgment on November 6, 2018. Mr. Williams had 60 days from that date to appeal. *See* Fed. R. App. P. 4(a)(1)(B). The sixtieth day was Saturday, January 5, 2019, so his deadline became Monday, January 7. *See* Fed. R. App. P. 26(a)(1)(C) (providing that if a deadline falls on a Saturday, Sunday, or legal holiday, the deadline is the next business day).

On December 31, 2018, Mr. Williams deposited into the prison's mail system a motion for extension of time to file a Fed. R. Civ. P. 59(e) motion. The appellees opposed the motion, and on January 22, 2019, Mr. Williams deposited into the prison's mail system a reply in support of his motion. On February 14, 2019, the district court denied the motion for an extension on the ground that it lacked authority to extend the period for filing a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2). It further declined (1) to construe the motion for an extension as the functional equivalent of a notice of appeal from the November 6 judgment, and (2) to entertain Mr. Williams's request, made for the first time in his reply, for an extension

3

of time to appeal.  Mr. Williams then deposited into the prison's mail system a notice of appeal, which the district court filed on March 1, 2019.

Because the notice of appeal was untimely as to the November 6 judgment, it did not confer jurisdiction on this court to review that judgment.  The notice *was* timely as to the February 14 order.  But because Mr. Williams's opening brief does not make any arguments challenging the February 14 order, he has "forfeit[ed] appellate consideration" of issues arising from that decision.  *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).

We can review the arguments in the opening brief if some document filed within the appeal period serves as the functional equivalent of a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by [Fed. R. App. P.] 4 gives the notice required by [Fed. R. App. P.] 3, it is effective as a notice of appeal.").  Mr. Williams does not argue that his motion for an extension meets this standard.  Instead, he urges the court to treat his reply in support of that motion as the functional equivalent of a notice of appeal.  Because that document was placed into the prison's mail system two weeks after the appeal deadline, however, it was not timely to appeal from the November 6 judgment.[2]

---

[2] Mr. Williams mistakenly calculates his appeal period as starting on December 6, 2018, when he received the November 6 judgment, and he therefore believes that the reply was mailed timely under the prison mailbox rule.  The rule is clear, however, that the appeal period is triggered by the date the judgment was entered, not the date a party receives a copy of the judgment.  *See* Fed. R. App. P. 4(a)(1)(B).

Mr. Williams further suggests that this court apply the "unique circumstances" doctrine or find excusable neglect in light of his difficulties in accessing his legal materials and the prison's law library during the federal government shutdown that started in December 2018. But the "unique circumstances" doctrine no longer exists. *See Bowles*, 551 U.S. at 214 ("Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."). And the ability to grant an extension based on excusable neglect rests with the district court, not this court. *See Alva*, 469 F.3d at 950; *see also* Fed. R. App. P. 4(a)(5)(A)(ii). The district court denied an extension of time to file a notice of appeal as part of the February 14 order, and Mr. Williams's opening brief did not challenge that decision. Further, contrary to Mr. Williams's assumption, the district court clerk's acceptance for filing of his March 1 notice of appeal did not constitute a finding of excusable neglect by the court.

Finally, Mr. Williams notes that he filed a notice of appeal on February 6, 2017. That appeal involved the dismissal of claims against the United States under the Federal Tort Claims Act (FTCA), and Mr. Williams's opening brief does challenge the dismissal of his FTCA claims. The 2017 notice of appeal, however, does not save this appeal. The 2017 appeal was dismissed, *see Williams v. United States*, No. 17-3025, slip op. at 2 (10th Cir. Feb. 28, 2017) (unpublished order), leaving Mr. Williams the opportunity to appeal the dismissal of the FTCA claims after entry of a final judgment. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645-46 (10th Cir. 1988) (en banc) (recognizing that a premature notice of appeal may

5

be dismissed if there is no Fed. R. Civ. P. 54(b) certification or a final judgment by the time the court addresses the appeal). Further, the 2017 notice of appeal did not encompass the subsequent November 6, 2018, judgment. *See Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992).

The appellees' motion to dismiss the appeal is granted, and this appeal is dismissed. Mr. Williams's motion to proceed in forma pauperis is granted. He is reminded of his obligation to continue making partial payments until the entire appellate filing fee is paid. Mr. Williams's motions for appointment of counsel and for an extension of time to file his reply brief are denied as moot.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge